CHARLES A. BISHOP *vs.* FRANK H. EATON.

Suffolk. March 13, 1894. — June 19, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Guaranty — Acceptance of Guaranty — Notice to Guarantor — Discharge of Guarantor.*

Where the plaintiff signed the promissory note of H. as surety, relying upon a promise contained in a letter to him from the defendant saying, "If H. needs more money let him have it, or assist him to get it, and I will see that it is paid," and looked to the defendant solely for reimbursement if called upon to pay the note, he was authorized by the letter in relying upon the defendant as a guarantor.

An offer as a guaranty becomes effective as a contract upon the doing of the act specified in the offer, and the doing of the act constitutes the acceptance of the offer and furnishes the consideration.

Ordinarily there is no occasion to notify a guarantor of the acceptance of an offer of guaranty, for the doing of the act specified in the offer is a sufficient acceptance ; but when the guarantor would not know of himself from the nature of the transaction whether the offer had been accepted or not, he is not bound without reasonable notice of the acceptance seasonably given after the performance which constitutes the consideration.

If notice of the act which constitutes an acceptance of an offer of guaranty is necessary, the implication is that it shall be given in a reasonable way, depending upon the nature of the transaction, the situation of the parties, and the inferences fairly to be drawn from their previous dealings in regard to the matter, and if they are so situated that communication by letter is naturally to be expected, the deposit of a letter in the mail is all that is necessary, though the letter may not be received by the guarantor.

A surety upon a promissory note who relies upon the guaranty of a third person for reimbursement is not required, after payment of the note, to attempt to collect the money from the maker, and it is no defence in an action on the guaranty that he did not promptly notify the guarantor of the default of the maker, at least in the absence of evidence that the guarantor was injured by the delay.

The guarantor of a surety upon a promissory note is discharged from liability if, at the maturity of the note, the time for its payment is extended without his consent, unless he subsequently assents to the extension and ratifies it.

CONTRACT, on a guaranty. Writ dated February 2, 1892. Trial in the Superior Court without a jury, before *Braley*, J., who found the following facts.

The plaintiff in 1886 was a resident of Sycamore in the State of Illinois, and was to some extent connected in business with Harry H. Eaton, a brother of the defendant. In Decem-

ber, 1886, the defendant in a letter to the plaintiff said, "If Harry needs more money, let him have it, or assist him to get it, and I will see that it is paid."

On January 7, 1887, Harry Eaton gave his promissory note for two hundred dollars to one Stark, payable in one year. The plaintiff signed the note as surety, relying on the letter of the defendant, and looked to the defendant solely for reimbursement, if called upon to pay the note. Shortly afterward the plaintiff wrote to the defendant a letter stating that the note had been given and its amount, and deposited the letter in the mail at Sycamore, postage prepaid, and properly addressed to the defendant at his home in Nova Scotia. The letter, according to the testimony of the defendant, was never received by him. At the maturity of the note the time for its payment was extended for a year, but whether with the knowledge or consent of the defendant was in dispute. In August, 1889, in an interview between them, the plaintiff asked the defendant to take up the note still outstanding, and pay it, to which the defendant replied: "Try to get Harry to pay it. If he don't, I will. It shall not cost you anything."

On October 1, 1891, the plaintiff paid the note, and thereafter made no effort to collect it from Harry Eaton, the maker. The defendant testified that he had no notice of the payment of the note by the plaintiff until December 22, 1891.

The defendant requested the judge to rule: 1. The letter of the defendant constituted in law no more than an offer of guaranty. 2. The defendant did not become bound by a contract of guaranty unless it appeared from a preponderance of the evidence that, within a reasonable time after his offer was accepted and acted upon, he had notice of such acceptance, and the giving of credit thereon. 3. The mere deposit in the mail of a letter accepting an offer of guaranty which has been made by mail, such letter being properly stamped and addressed to the party making the offer, and mailed within a reasonable time after the acceptance, does not in law constitute such notice to the latter as thereupon to bind him. 4. The defendant did not become bound by a contract of guaranty, if at all, unless he actually received such letter of acceptance. 5. A delay for two years and a half after accepting and acting upon an offer of

guaranty to give notice to the person making the offer is an unreasonable delay. 6. If within a reasonable time after the plaintiff's acceptance and action upon the offer of guaranty, the defendant had notice thereof, then the obligation by which he became bound was not an original promise, but an undertaking collateral to the debt of the maker of the note and within the statute of frauds, and was in substance a promise or obligation that if the plaintiff as surety upon the note was obliged to pay it at maturity through the default of the maker, and if further the plaintiff, after due notice to the defendant of the default, used due diligence in attempting to collect from the maker the sum so paid, and gave due notice to the defendant of his failure so to collect, then the defendant would repay the plaintiff what he had paid out. 7. If for a year and a half after the maturity of the note and the default of payment by the maker, the defendant had no notice of the default, he was discharged from his contract unless he subsequently waived his rights arising from the plaintiff's laches. 8. The extension of time for the payment of the note given at its maturity without the knowledge or consent of the defendant discharged him from his contract unless subsequently with a full knowledge of the facts he assented to and ratified the same. 9. The conversation between the parties in August, 1889, was too equivocal to constitute a ratification of a prior contract, or a waiver of the defendant's rights arising from the laches of the plaintiff. 10. After paying the note the plaintiff did not use due diligence in trying first to collect from the maker the amount he had paid on the note, and hence he cannot recover in this action. 11. After payment of the note the plaintiff did not within a reasonable time notify the defendant of the payment by him, and the default of the maker, and so the plaintiff cannot recover in this action.

The judge declined so to rule, and ruled, as matter of law upon the findings of fact, that the plaintiff was entitled to recover, and ordered judgment for him; and the defendant alleged exceptions.

*F. G. Cook*, for the defendant.

*R. W. Light*, for the plaintiff.

KNOWLTON, J. The first question in this case is whether the contract proved by the plaintiff is an original and independent

contract or a guaranty. The judge found that the plaintiff signed the note relying upon the letter, " and looked to the defendant solely for reimbursement if called upon to pay the note." The promise contained in the letter was in these words: " If Harry needs more money, let him have it, or assist him to get it, and I will see that it is paid." On a reasonable interpretation of this promise, the plaintiff was authorized to adopt the first alternative, and to let Harry have the money in such a way that a liability of Harry to him would be created, and to look to the defendant for payment if Harry failed to pay the debt at maturity; or he might adopt the second alternative and assist him to get money from some one else in such a way as to create a debt from Harry to the person furnishing the money, and, if Harry failed to pay, might look to the defendant to relieve him from the liability. The words fairly imply that Harry was to be primarily liable for the debt, either to the plaintiff or to such other person as should furnish the money, and that the defendant was to guarantee the payment of it. We are therefore of opinion, that, if the plaintiff relied solely upon the defendant, he was authorized by the letter to rely upon him only as a guarantor.

The defendant requested many rulings in regard to the law applicable to contracts of guaranty, most of which it becomes necessary to consider. The language relied on was an offer to guarantee, which the plaintiff might or might not accept. Without acceptance of it there was no contract, because the offer was conditional and there was no consideration for the promise. But this was not a proposition which was to become a contract only upon the giving of a promise for the promise, and it was not necessary that the plaintiff should accept it in words, or promise to do anything before acting upon it. It was an offer which was to become effective as a contract upon the doing of the act referred to. It was an offer to be bound in consideration of an act to be done, and in such a case the doing of the act constitutes the acceptance of the offer and furnishes the consideration. Ordinarily there is no occasion to notify the offerer of the acceptance of such an offer, for the doing of the act is a sufficient acceptance, and the promisor knows that he is bound when he sees that action has been taken on the

faith of his offer. But if the act is of such a kind that knowledge of it will not quickly come to the promisor, the promisee is bound to give him notice of his acceptance within a reasonable time after doing that which constitutes the acceptance. In such a case it is implied in the offer that, to complete the contract, notice shall be given with due diligence, so that the promisor may know that a contract has been made. But where the promise is in consideration of an act to be done, it becomes binding upon the doing of the act so far that the promisee cannot be affected by a subsequent withdrawal of it, if within a reasonable time afterward he notifies the promisor. In accordance with these principles, it has been held in cases like the present, where the guarantor would not know of himself, from the nature of the transaction, whether the offer has been accepted or not, that he is not bound without notice of the acceptance, seasonably given after the performance which constitutes the consideration. *Babcock* v. *Bryant*, 12 Pick. 133. *Whiting* v. *Stacy*, 15 Gray, 270. *Schlessinger* v. *Dickinson*, 5 Allen, 47.

In the present case the plaintiff seasonably mailed a letter to the defendant, informing him of what he had done in compliance with the defendant's request, but the defendant testified that he never received it, and there is no finding that it ever reached him. The judge ruled, as matter of law, that upon the facts found, the plaintiff was entitled to recover, and the question is thus presented whether the defendant was bound by the acceptance when the letter was properly mailed, although he never received it.

When an offer of guaranty of this kind is made, the implication is that notice of the act which constitutes an acceptance of it shall be given in a reasonable way. What kind of a notice is required depends upon the nature of the transaction, the situation of the parties, and the inferences fairly to be drawn from their previous dealings, if any, in regard to the matter. If they are so situated that communication by letter is naturally to be expected, then the deposit of a letter in the mail is all that is necessary. If that is done which is fairly to be contemplated from their relations to the subject matter and from their course of dealing, the rights of the parties are fixed, and a failure

actually to receive the notice will not affect the obligation of the guarantor.

The plaintiff in the case now before us resided in Illinois, and the defendant in Nova Scotia. The offer was made by letter, and the defendant must have contemplated that information in regard to the plaintiff's acceptance or rejection of it would be by letter. It would be a harsh rule which would subject the plaintiff to the risk ·of the defendant's failure to receive the letter giving notice of his action on the faith of the offer. We are of opinion that the plaintiff, after assisting Harry to get the money, did all that he was required to do when he seasonably sent the defendant the letter by mail informing him of what had been done.

How far such considerations are applicable to the case of an ordinary contract made by letter, about which some of the early decisions are conflicting, we need not now consider.

The plaintiff was not called upon under his contract to attempt to collect the money from the maker of the note, and it is no defence that he did not promptly notify the defendant of the maker's default, at least in the absence of evidence that the defendant was injured by the delay. This rule in cases like the present was established in Massachusetts in *Vinal* v. *Richardson*, 13 Allen, 521, after much consideration, and it is well founded in principle and strongly supported by authority.

We find one error in the rulings which requires us to grant a new trial. It appears from the bill of exceptions that when the note became due the time for the payment of it was extended without the consent of the defendant. The defendant is thereby discharged from his liability, unless he subsequently assented to the extension and ratified it. *Chace* v. *Brooks*, 5 Cush. 43. *Carkin* v. *Savory*, 14 Gray, 528. The court should therefore have ruled substantially in accordance with the defendant's eighth request, instead of finding for the plaintiff, as matter of law, on the facts reported. Whether the judge would have found a ratification on the evidence if he had considered it, we have no means of knowing.

*Exceptions sustained.*