PATRICK LENNOX & another *vs.* PATRICK MURPHY & another.

Essex.    March 30, 1898. — May 31, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Guaranty — Construction — Consideration — Notice of Acceptance — Performance — Action.*

B. executed to A. a guaranty " to the extent of ten thousand dollars, on obligations contracted and to be contracted by C. with A. for a period of three years, with the understanding that A. give C. a permanent credit of at least twenty thousand dollars in leather for the above period of three years." Before B. signed the guaranty C. exhibited to him an instrument to be signed by A. and told him the contents of it, and told him also that, if he would sign the guaranty, it would keep C. on his feet and keep him going. A. signed the instrument, which was as follows : " For one dollar and other considerations, I, A., guarantee C. a permanent credit for three years to the amount of twenty thousand dollars in leather, and agree that C. shall not owe A. less than twenty thousand dollars at any time during this period, except at his own option, and C. agrees to buy leather from A. to the extent of at least twenty-five thousand dollars per annum, and A. agrees to sell C. as cheap as any reliable shoe manufacturer. This agreement to be null and void in case C. becomes insolvent during this period." *Held*, in an action by A. against B. on the guaranty, that, when the instrument was signed, the consideration for the guaranty was furnished; that the circumstances might be considered in aid of the interpretation; and that the words " with the understanding " referred to the instrument so signed.

If a guaranty by B. to A. of obligations to an amount named to be contracted by C. with A. for a certain period is executed on the understanding that, if it is signed, A. will sign an instrument, which is exhibited to B., agreeing to give C. a credit for that period, it is not necessary that B. should be notified of the acceptance of the guaranty by A.

It is no objection to an action upon a guaranty to a certain amount " on obligations contracted and to be contracted " by C. with A., with the understanding that A. give C. a credit of a sum named in merchandise, that, although C. owes A. more than that sum, only a portion of it is in the form of a debt for merchandise, and the rest is in the form of notes, which were given for merchandise.

A guaranty executed by B. to A. to a certain amount on obligations to be contracted by C. with A. " for a period of three years," with the understanding that A. give C. a credit of a sum named " for the above period of three years," may be sued upon before the expiration of the three years.

CONTRACT, against Patrick Murphy and Michael Murphy, upon a guaranty, dated August 17, 1895, and signed by the defendants. Writ dated August 29, 1896. Patrick Murphy alone defended. Trial in the Superior Court, without a jury, before *Sheldon*, J., who found for the defendant; and, with the consent of the parties, reported the case for the determination of this court. The facts appear in the opinion.

*H. F. Hurlburt & E. T. McCarthy*, for the plaintiffs.

*J. P. Leahy*, for Patrick Murphy.

HOLMES, J. This is an action on a guaranty " to the extent of ten thousand dollars, on obligations contracted and to be contracted by Murphy Brothers with P. Lennox & Co., for a period of three years, with the understanding that P. Lennox & Co. give Murphy Brothers a permanent credit of at least twenty thousand dollars in leather for the above period of three years." The action is defended only by Patrick Murphy. At the trial in the court below, after the evidence was in, the judge found for the defendant, and the case is here on a report, by the terms of which, if the ruling was wrong, judgment is to be entered for the plaintiffs. The grounds mainly urged in support of the ruling are want of consideration, and a failure to notify the defendant of the acceptance of the guaranty.

There was evidence that, before Patrick Murphy signed the guaranty, one of the firm whose obligations were to be guaranteed exhibited to him an instrument to be signed by the plaintiffs, and told him the contents of it, and told him also that if he would sign the guaranty it would keep the speaker on his feet and keep him going. The only reasonable inference from this and other evidence is that, in spite of the usual formula, " For one dollar and other considerations," the guaranty in fact was executed in consideration of the plaintiffs' signing the other instrument referred to, and that Patrick Murphy understood, when he signed, that if he signed the plaintiffs would sign. The plaintiffs signed as expected.

The instrument executed by the plaintiffs was as follows: " For one dollar and other considerations, we, P. Lennox & Co., guarantee Murphy Brothers a permanent credit for three years to the amount of twenty thousand dollars in leather, and agree that Murphy Brothers shall not owe P. Lennox & Co. less than

twenty thousand dollars at any time during this period, except at their own option, and Murphy Brothers agree to buy leather from P. Lennox & Co., to the extent of at least twenty-five thousand dollars per annum, and P. Lennox & Co. agree to sell Murphy Brothers as cheap as any reliable shoe manufacturer. This agreement to be null and void in case Murphy Brothers become insolvent during this period.   P. Lennox & Co."

When this paper was signed, the consideration was furnished and the offer in the defendants' instrument became a contract, unless some one of the objections which we shall mention bars the way.   The gravest of these is that the plaintiffs' undertaking does not satisfy the stipulation in the defendants' guaranty. The guaranty calls for a permanent credit of at least twenty thousand dollars for three years.   The plaintiffs' agreement contains a statement that Murphy Brothers agree to buy leather to the extent of at least twenty-five thousand dollars per annum, and it might be held that the failure of Murphy Brothers to buy to that extent would excuse the plaintiffs from their undertaking, or in other words that Murphy Brothers' performance of their agreement is introduced as a condition into an undertaking to do what is called for unconditionally by the guaranty.   It may be that this objection would be fatal if the guaranty had called in the same terms for a counter agreement not yet framed.   But, as we have said, in fact the words were an abbreviated reference to a paper already in existence although not yet signed.   It is plain that the words of the guaranty need construction.   It is not to be supposed that the giving of credit for three years is contemplated as the consideration, for that would leave the guarantors unbound until the three years had elapsed.   The consideration must be a promise to give credit.   But the operation of the promise as consideration has to be proved by evidence outside the writing.   The words on their face do not go further than to state a condition, if they do that.   *Curtis* v. *Hubbard*, 6 Met. 186, 191, 192.   The question is whether in that aspect they do not state an absolute condition, — whether they are open to explanation from the circumstances.   We are of opinion that the circumstances may be considered in aid of the interpretation.   The words "with the understanding," when read in connection with the facts, refer to an understanding

already reached and put in writing, a counter agreement by the plaintiffs with the partners guaranteed. This counter agreement is absolute and free from other condition than the performance of the consideration, and for purposes of reference it is not necessary to set out this necessarily implied term any more than it is in the case of a memorandum of a promise under our statute of frauds. *Hayes* v. *Jackson*, 159 Mass. 451.

The proviso that the plaintiffs' agreement shall be void in case Murphy Brothers become insolvent during the period of its running only expresses what would be implied in any event. For although it has been said that an agreement to sell — even it would seem to a partnership, which is dissolved by insolvency — is not discharged by insolvency, yet it is agreed that insolvency would put an end to the right to purchase on credit or without a tender of the price. *Morgan* v. *Bain*, L. R. 10 C. P. 15, 21, 27. See *Cremer* v. *Higginson*, 1 Mason, 323, 337. The obligation to sell on credit was all that concerned the defendant. Moreover, if what we have said as to the reference to this document is correct, it is taken up with all its terms into the defendant's undertaking.

But it is objected further that acceptance of the guaranty, or, more strictly, the furnishing of the consideration by the plaintiffs, was not communicated to the defendant. We are of opinion, as we have said, that it would have been open to the presiding justice to find that the guaranty was signed on the understanding that, if it was signed, the plaintiffs would sign. If so, when the understanding was carried out, it was not necessary to notify the defendant. He already had all the notice he needed, and to send him notice would have been merely a formal act, which is not required either by custom or by the theory of contract. There is no universal doctrine of the common law, as understood in this Commonwealth, that acceptance of an offer must be communicated in order to make a valid simple contract, although such a necessity might be inferred from some of the language in *Davis* v. *Wells*, 104 U. S. 159, and *Davis Sewing Machine Co.* v. *Richards*, 115 U. S. 524. See *Paige* v. *Parker*, 8 Gray, 211; *Hatch* v. *Hobbs*, 12 Gray, 447; *First National Bank* v. *Watkins*, 154 Mass. 385, 387, 388; *Bishop* v. *Eaton*, 161 Mass. 496, 499; *Bascom* v. *Smith*, 164 Mass. 61; *Brogden*

v. *Metropolitan Railway*, 2 App. Cas. 666, 691 ; Harriman, Contracts, 86–89 ; Langdell, Contracts, §§ 2 *et seq.*

If a contract was made, the only remaining objections urged against the plaintiffs' recovery are that they did not perform their contract, and that they could not sue until after the three years had elapsed.  The former proposition is put upon the ground that, although Murphy Brothers owed the plaintiffs more than $20,000, only the sum of $16,000 was in the form of a debt for merchandise, and the rest, $8,000, was in the form of notes. The notes were given by Murphy Brothers for leather, and we do not perceive what difference the change in the form of the indebtedness made with regard to the plaintiffs' contract, although as a matter of bookkeeping the notes may have been charged on a separate page.  *Norton* v. *Eastman*, 4 Greenl. 521, 525.  There is nothing in the guaranty which requires the plaintiffs to wait three years before bringing suit.  *Marsh* v. *Day*, 18 Pick. 321.               *Judgment for the plaintiffs.*