## Kansas City, Pittsburg & Gulf R. R. Co. v. McGuire Manufacturing Co.

1. CONTRACTS—*A Modified Acceptance is a Rejection.*—A modified acceptance of a proposition is in effect the rejection of it, and does not create a contract.

2. SAME—*Furnishing Goods upon a Modified Acceptance.*—Where a company upon receiving a modified acceptance of a proposition. acts upon it and furnishes goods thereunder, a contract in accordance with the modified acceptance of the original offer will be inferred.

**Assumpsit.**—Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed June 5, 1903. Rehearing denied June 16, 1905.

This action was brought in the Superior Court of Cook County, to recover $484.38 rebate claimed by the plaintiff in error for causing the sale of certain car doors, and by writ of error removed to this court for review.

The plaintiff in error, a railroad company, in the early part of August, 1897, through its purchasing agent, Ira C. Hubbell, wrote to defendant in error, a manufacturer of car doors, asking for their lowest price for car doors; in answer to that letter the defendant wrote the following letter:

" McGUIRE MFG. COMPANY,
CHICAGO, August 5, 1897.
IRA C. HUBBELL, P. A., Kansas City, Pittsburg & Gulf R. R., Kansas City, Mo.:
DEAR SIR:   Replying to yours of the 3d, would say that

for the past three months our prices to car builders has been three dollars and twenty-five cents ($3.25) per car for single doors, and three dollars and seventy-five ($3.75) per car for double doors. When the cost of traveling and salesmen commissions is considered, the price is low enough. Your plan saves us this cost, and in your case we can afford to allow you this expense, which amounts to twenty-five per cent, making the net price on single doors two dollars and forty-four cents ($2.44) per car, and two dollars and eighty-one cents ($2.81) per car for double doors. If you order the doors direct, we will make this reduction, but if you specify an order through the car builder, we would ask that you arrange with the car builder so that we might rebate to your company direct. If all your orders come in this way, this would not be necessary, but ninety-nine per cent of the deals incur the selling expense. The price we trust you will hold as confidential. We enclose you herewith our door circular and a little souvenir we are manufacturing for the street railway convention.

Kindly let us hear from you and oblige,

Yours very truly,

McGUIRE MANUFACTURING COMPANY,

W. J. COOK, Vice-Pres't."

In answer to this letter the plaintiff sent the following letter:

"AUGUST 10, 1897.

McGUIRE MFG. Co., 122 N. Sangamon St., Chicago, Ill.

GENTLEMEN: Yours of the 5th at hand. Price is satisfactory and I specify star grain doors on following orders just placed:

Missouri Car & Foundry Co., St. Louis, Mo., 200 cars;

Barney & Smith Car Co., Dayton, Ohio, 250 cars;

Pullman's Palace Car Co., Chicago, 300 cars;

and I appreciate your deference to my wishes as to handling these matters. Yours truly,

IRA C. HUBBELL."

EDWIN BEBB, attorney for plaintiff in error.

M. A. DeLANY and MERLE B. WALTZ, attorneys for defendant in error.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The defendant contends that the contract was for 750

car doors and that its promise for a rebate was a part of that contract.

The plaintiff contends that the defendant made an offer to sell car doors; that the plaintiff accepted by making orders for 550 doors; that these orders for 550 car doors were based upon the proposition of the defendant to allow a rebate.

It is quite true, as is insisted by the plaintiff, that a modified acceptance of a proposition is in effect the rejection of it, and does not create a contract. Anglo Am. Provision Co. v. Prentiss, 157 Ill. 506–514. And it is also true that if the plaintiff had, to a proposition of the defendant to sell 750 car doors, replied that it would purchase upon the terms offered, 550 car doors, and the defendant acted upon such reply by beginning to furnish the car doors, a contract in accordance with the offer of the plaintiff would have been inferred from such offer and actions. Bishop v. Eaton, 161 Mass. 496.

The facts of this case shown by the record are that the defendant offered to sell car doors, not any specified number, at a certain rate, with a rebate of twenty-five per cent; that to this offer the plaintiff replied that the price was satisfactory and that it had specified defendant's make of car doors upon orders just placed for 750 cars, giving the name 'of the respective companies with which such orders had been placed.

It also appears that the plaintiff did (as is stated in its letter it had) place orders with the three companies named, for 750 car doors, such as the defendant had agreed to furnish it at the price mentioned, with twenty-five per cent rebate thereform, but the plaintiff afterward countermanded one of its orders, so that there was actually supplied to and paid for by the plaintiff only 550 car doors; plaintiff refusing to take or again order put upon cars purchased by it, more than that number of defendant's make of car doors. It is upon the rebate claimed upon the price paid for the 550 car doors received and paid for, that this suit was brought.

The court below found and we think it appears that an agreement was made for the purchase of 750 car doors at a

certain price, upon which there was to be a rebate of twenty-five per cent; that there was no agreement for the sale of 550 car doors only, and consequently the plaintiff, having refused to carry out its contract, is not entitled to the rebate which was a part of the understanding.

We do not agree with the contention of plaintiff in error that its letter dated August 10th, in reply to that of the defendant of August 5th, was not a statement upon which defendant had a right to act, believing that thereby the plaintiff had agreed to take, at the price named, with the rebate promised, 750 car doors.

It appears to us from the record that the plaintiff's letter was intended to be notice to the defendant that the plaintiff had ordered, would take, and expected the defendant would furnish 750 car doors upon the terms stated in defendant's letter of August 5th.   All that was stated in defendant's letter of August 5th was then true, and its refusal to take the entire 750 car doors seems to have been based upon considerations thereafter presented to it.

The judgment of the Superior Court is affirmed.