### B. GRANT STAUFFER *vs.* HENRY A. KOCH & another.

Suffolk.    November 13, 1916. — January 6, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Guaranty. Contract,* What constitutes. *Assignment. Corporation,* Proof of corporate act. *Evidence,* Presumptions and burden of proof. *Maxims,* All things are presumed to have been done rightly.

In an action by a dealer in electric motors on a guaranty in writing signed by the defendant guaranteeing the payment for certain motors if sold by the plaintiff to a certain proposed customer, where it appears that the plaintiff told the defendant that the motors would be shipped to the proposed customer when the account was guaranteed, and thereupon the defendant wrote to the plaintiff telling him to send the motors at once and guaranteeing the payment for them, and

the next day the plaintiff shipped the motors to the customer, who failed to pay for them, it is not necessary for the plaintiff to show that he accepted the guaranty before shipping the motors, the shipment itself being an acceptance of the defendant's offer.

In an action of contract brought by the alleged assignee of a certain corporation under an instrument in writing purporting to be an assignment from that corporation, signed by its president and stamped with a corporate seal bearing the name of the company ending with the word "Incorporated," where the plaintiff has testified that he was the treasurer and a director of the corporation and that the signature was that of its president, and where the defendant's letters put in evidence are addressed to the alleged corporation by its corporate name ending with the abbreviation "Inc.," this is evidence on which it can be found, in the absence of any evidence to the contrary, that the plaintiff's assignor was a corporation and that the assignment was its act.

CONTRACT by the assignee, under an assignment in writing dated December 9, 1912, from the Fidelity Electric Company, Incorporated, against Henry A. Koch and Daniel Koch, as copartners doing business under the name of Koch Brothers, on a guaranty in writing by which the defendants were alleged to have guaranteed jointly the payment by one Eyges, sometimes doing business under the name Eyges and Company, of the price of two electric motors bought by Eyges from the plaintiff. Writ in the Municipal Court of the City of Boston dated December 14, 1912.

The alleged guaranty, a copy of which was annexed to the declaration, was as follows:

"June 5, 1912.

Fidelity Electric Co.,
          Lancaster, Pa.
Gentlemen:

We understand that Mr. Eyges has ordered from you one 3 H. P. and one 5 H. P. motor to be delivered to him at once.

Please note that we herewith guarantee the payment of same on the basis of regular sixty day terms.

Very truly yours,
                    Koch Brothers
                         By Henry A. Koch."

The answers of the defendants, in addition to a general denial and an allegation of payment, alleged that the guaranty was sent to the Fidelity Electric Company, Incorporated, by the defendant Henry A. Koch without the knowledge or consent of the defendant Daniel Koch and that the defendant Henry A. Koch

had no authority or power to bind the defendant Daniel Koch by such guaranty as his partner or otherwise.

On removal to the Superior Court the case was tried before *Hitchcock*, J. The evidence is described in the opinion. The defendants asked the judge to make eighteen rulings. The judge gave as instructions to the jury three of the rulings requested. Six others of the rulings requested became immaterial and were waived by the defendants. The remaining rulings requested were as follows:

"1. The letter of June 5, 1912, from Henry A. Koch, or the defendants, to the Fidelity Electric Company, was an offer to guarantee which the Fidelity Electric Company might accept or reject.

"2. This offer was conditional upon the acceptance by the Fidelity Electric Company of the order referred to in that letter.

"3. There is no evidence that as between Henry A. Koch, or the defendants, and the Fidelity Electric Company, there was any consideration for Henry A. Koch's or the defendants' offer to guarantee.

"4. It was an offer by Henry A. Koch or the defendants to become effective as a contract upon the acceptance by the Fidelity Electric Company of the order referred to in the letter and the delivery of the motors in accordance with the terms stated in the letter as to such delivery."

"10. The guaranty shown by the evidence in this case is a guaranty of a future contingent event.

"11. The evidence shows that the Fidelity Electric Company did not within a reasonable time give notice to the guarantor, or guarantors, that the guaranty had become operative and, therefore, the verdict must be for the defendants.

"12. If the jury shall find that the Fidelity Electric Company did not within a reasonable time give notice to the guarantor, or guarantors, that the guaranty had become operative, the verdict must be for the defendants.

"13. The evidence shows that the circumstances of the guarantor, or guarantors, and the Fidelity Electric Company, and the transactions shown by the evidence were not such as to indicate to the Fidelity Electric Company, that knowledge of acceptance by the Fidelity Electric Company would quickly come to the guarantor or guarantors and, therefore, unless notice of such accept-

ance was within a reasonable time given by the Fidelity Electric Company, to the guarantor, or guarantors, the verdict must be for the defendants.

"14. If the jury shall find that the circumstances of the guarantor or guarantors and the Fidelity Electric Company, and the transactions shown by the evidence, were not such as to indicate to the Fidelity Electric Company, that knowledge of acceptance by the Fidelity Electric Company would quickly come to the guarantor, or guarantors, unless notice of such acceptance was within a reasonable time given by the Fidelity Electric Company to the guarantor, or guarantors, the verdict must be for the defendants."

The judge refused to make any of these rulings. He submitted to the jury the following question: "Were the goods that were shipped to the Metropolitan Mattress Company the same goods that were referred to in the guaranty which is the subject matter of this controversy?" The jury answered, "Yes."

The jury returned a verdict for the defendant Daniel Koch and returned a verdict for the plaintiff against the defendant Henry A. Koch for the amount claimed in the declaration. The defendant Henry A. Koch alleged exceptions.

The case was submitted on briefs.

*S. Sigilman & W. P. Murray*, for the defendant Henry A. Koch.

*A. F. Tupper*, for the plaintiff.

CARROLL, J. This is an action to recover the price of two motors ordered by one Eyges. February 1, 1912, Koch Brothers, of which the defendant Henry A. Koch was a member, wrote the Fidelity Electric Company Inc. of Lancaster, Pennsylvania, hereinafter called the seller, guaranteeing Eyges' account amounting to $132.50. February 17, 1912, Koch Brothers wrote the seller, requesting it to ship to Charles Eyges Company one dynamo, by Adams Express. April 25, 1912, they again wrote requesting the seller to fill Eyges' order for one motor, and guaranteeing the same. In replying to this letter the seller asked whether Koch Brothers guaranteed purchases made by Eyges and Company from time to time. May 24, 1912, the defendant Henry A. Koch informed the seller that he understood it had an order for various motors, amounting to $346.25, "to be consigned to

him [Eyges] on condition that we guarantee either the return of the goods or the cash after sixty days. If this is satisfactory to you, you may make shipment to Charles Eyges and you may consider this our guarantee as per our understanding of this transaction above outlined." May 27, 1912, the seller replied, saying it could not accept consignment orders and if Eyges desired the goods ordered, he should "send us back the signed guarantee which we have sent to him in blank." The defendant Henry A. Koch wrote to the seller:

"June 5, 1912.

Fidelity Electric Co.,
          Lancaster, Pa.
Gentlemen: -

We understand that Mr. Eyges has ordered from you one 3 H. P. and one 5 H. P. motor to be delivered to him at once.

Please note that we herewith guarantee the payment of same on the basis of regular sixty day terms.

Very truly yours,
Koch Brothers
By Henry A. Koch."

June 6, 1912, Eyges ordered the motors by telegram. The telegram and guaranty were received in Lancaster June 6, 1912, and upon their receipt the motors were shipped to the Metropolitan Mattress Company, in Boston, and charged to Eyges. The seller, in writing, assigned to the plaintiff its claim against the defendant Henry A. Koch. The action is to recover on this guarantee of June 5. The verdict was for the plaintiff.

The defendant Henry A. Koch contends, that he is not liable on the guaranty, because no notice of its acceptance by the seller was given him. The defendant had guaranteed the payment of previous contracts made by Eyges. When his (Koch's) offer to guarantee the return of the goods or their payment was refused, he was told in the letter of May 27, 1912, that the goods would be shipped when the account was guaranteed. Knowing this fact, he wrote to the seller to send the motors at once, guaranteeing the payment, and the next day Eyges telegraphed to ship them. Under these circumstances no notice of acceptance was necessary. Before June 5, 1912, the defendant knew from previous letters of the

seller that no goods would be sent to Eyges unless the price was guaranteed, and the defendant's promise to pay the debt in question, was in response to the letter of the seller requesting the guaranty. The defendant Henry A. Koch's agreement of June 5 was not a mere offer or proposal to guarantee a debt, requiring notice of its acceptance; it was an acceptance of the proposal made by the seller and was an absolute guaranty of payment of the price of the motors ordered; therefore no notice was necessary. *Paige* v. *Parker,* 8 Gray, 211. *Bishop* v. *Eaton,* 161 Mass. 496. *Lennox* v. *Murphy,* 171 Mass. 370. *Lynn Safe Deposit & Trust Co.* v. *Andrews,* 180 Mass. 527. *Cumberland Glass Manuf. Co.* v. *Wheaton,* 208 Mass. 425, 431.

The plaintiff claimed to be the owner of the debt sued on, by virtue of a written assignment from the Fidelity Electric Company, signed by its president, and stamped with the corporation's seal, reading: "Fidelity Electric Company, Lancaster, Pa., Incorporated, Feb'y. 28, 1898." The plaintiff testified that he was the treasurer and a director of the corporation, and the signature was that of the president.

The defendant Henry A. Koch objected, there was no evidence that the Fidelity Electric Company was a corporation, that the president had authority to execute the assignment or that the assignment was the act of the corporation.

The assignment was properly admitted in evidence. The correspondence shows that the defendant addressed the seller as the Fidelity Electric Company, Inc. This, together with the testimony of the plaintiff, which was not objected to, was some evidence that the company was a corporation and the assignment was its act. As was stated in *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 282, 287: "The maxim of law is, that all things shall be presumed to have been rightly and correctly done, until the contrary is proved. . . . As the corporation could not proceed lawfully, until duly organized, and as they did proceed to act as a corporation, this presumption has its effect." See *Provident Institution for Savings* v. *Burnham,* 128 Mass. 458; *Packard* v. *Old Colony Railroad,* 168 Mass. 92; *Bagley* v. *Wonderland Co.* 205 Mass. 238, 245. See also R. L. c. 173, § 123.

Although there was no direct evidence showing the authority of the president to execute the assignment, it bore the seal of the cor-

poration and the signature of its president; in the absence of anything to the contrary, he must be presumed to have had authority to act, and the assignment was, at least, *prima facie* a valid instrument. *Hamilton* v. *McLaughlin*, 145 Mass. 20. *White* v. *Elgin Creamery Co.* 108 Iowa, 522, 526.

The motors were shipped to the Metropolitan Mattress Company and the defendant Henry A. Koch now argues that he is not liable because the delivery was not made to Eyges. This question is raised by the fifth and eighth requests of the defendant. The record shows that these requests were waived; therefore, the question now argued is not before us.

*Exceptions overruled.*