VACUUM OIL COMPANY, INC. *vs.* HYMAN SMOOKLER.

Suffolk.    February 7, 1933. — March 29, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Guaranty. Contract,* What constitutes, Construction. *Practice, Civil,*
New trial. *Damages,* In contract.

An unsealed writing stating, "I hereby guarantee payment of the account
of . . . [a named person], covering purchases of oil made from . . .
[a named oil company] up to and not exceeding $1500.00," consti-
tuted a guaranty which continued from the time it was made until
oil to the amount of $1,500 had been delivered by the oil company
to the person named; and the guarantor was not relieved of liability
on the guaranty on the ground that no oil had been purchased by
that person from the company before the date when it was given.

There having been evidence, at the trial of an action on the guaranty
above described, that an agent of the plaintiff told the defendant at
the time when the guaranty was signed that two guarantors would be
required by the plaintiff; that the defendant told the agent that he
would not be the only signer for $1,500, but that if the agent could
get a certain woman to sign also he would sign; and that the agent
then said, "now if you will sign it I will take this paper to . . . [the
woman] . . . if she don't sign it I can't take this order for her sig-
nature would not be worth any thing, we have got to have two,"
and such evidence having been contradicted by testimony of the
agent, the rights of the defendant in this particular were sufficiently
protected by instructions to the jury that if the defendant signed the
guaranty on an understanding with the agent of the plaintiff that
there was to be another guarantor the defendant would not be liable.

The defendant in the action above described not having objected to the
purchase of oil on the purchaser's own responsibility in addition to
that which was covered by the guaranty, the defendant was not
relieved of liability thereunder by the fact that the total price of the
oil sold by the plaintiff to the purchaser was substantially in excess
of $1,500, the sum which the plaintiff sought to recover being less than
$1,500 because of payments made by the purchaser.

It *was stated* that, the guaranty above described having been procured
at the suggestion of the purchaser after negotiations between him and
the plaintiff's agent with respect to the selling of oil, the defendant
was not entitled to notice of the acceptance of the guaranty by the
plaintiff.

CONTRACT. Writ in the Municipal Court of the City
of Boston dated February 21, 1930.

Upon removal to the Superior Court, the action was

tried before *Greenhalge*, J.   Material evidence and certain rulings requested by the defendant and refused by the judge are described in the opinion.   The defendant's fifth request was: "The evidence is insufficient to show that the written contract of guaranty was entered into between the defendant Smookler and the Vacuum Oil Company."

There was a verdict for the plaintiff in the sum of $1,484.98.

The defendant having filed a motion for a new trial on the grounds that the verdict was against the evidence, the weight of the evidence and the law, the judge made the following order: "I am satisfied that the jury intended to and upon the evidence could properly find and return a verdict for the plaintiff upon all issues of fact in the case. It is clear, however, that in figuring the damages or the interest thereon, a somewhat complicated process, a mistake was made and that the verdict returned was in excess of any amount claimed in the declaration or warranted by the evidence.   While the defendant contends that this error requires a new trial upon all issues, I am of opinion that it relates only to the computation of damages and that the issue of the defendant's liability should not be again tried. The defendant further argues that in this instance no remitter [*sic*] is permissible since the theory upon which the jury acted or the extent of the mistake cannot be determined, and upon careful consideration I am constrained to the conclusion that the contention is sound and that I cannot accurately or fairly ascertain or determine how the jury arrived at the figures in their verdict or in what manner they erred, and therefore cannot measure the extent of the error.   Accordingly after hearing and consideration of the argument of the parties, the within motion is allowed so far as damages are concerned on the first ground alleged, because the evidence does not support it as to amount, and a new trial is to be had on the question of damages only."

The judge thereafter heard the action without a jury on the issue of damages only, and found for the plaintiff in the sum of $1,420.05.

The defendant alleged exceptions.

*J. H. Kenney,* for the defendant, submitted a brief.

*J. J. Cummings,* for the plaintiff.

CROSBY, J.    This is an action of contract to recover a balance due on account of one A. Palder upon an alleged guaranty in writing signed by the defendant.    The case was tried in the Superior Court before a jury, and resulted in a verdict for the plaintiff in the sum of $1,484.98.    The guaranty is as follows:  "September 17, 1927.    I hereby guarantee payment of the account of A. Palder, covering purchases of oil made from the Vacuum Oil Company up to and not exceeding $1500.00.    Capital Tire & Rubber Co. Hyman Smookler.    Terms on carload purchase 60–90–120– 150 days from Oct. 1st, 1927."    There was evidence that "Terms on carload purchase 60–90–120–150 days" meant that the total purchase was to be divided into four equal parts, the first payment on which would become due in sixty days from October 1, the next in ninety days, the third in one hundred twenty days, and the fourth in one hundred fifty days.

One Hennessey testified that in September, 1927, he was employed by the plaintiff as a salesman and called upon Palder at his filling station a week or ten days before September 19, 1927, for the purpose of selling him oil;  that Palder wanted to purchase a car load;  that the witness told him the plaintiff would not sell to him a car load on his own responsibility;  that Palder suggested that the defendant would guarantee the purchase;  that thereafter on September 19, 1927, the witness met the defendant at Palder's place of business and the defendant signed the guaranty.    The guaranty as originally written was for $2,500;  the defendant refused to be bound for that amount but agreed to be responsible to the extent of $1,500 and that amount was inserted in the guaranty in place of $2,500.

The account annexed to the plaintiff's declaration contains items of charges for sales made by the plaintiff to Palder amounting to $2,520.82 and credits of $1,293.59, and shows a balance alleged to be due the plaintiff of $1,-227.23, which, with interest thereon of $145.12, amounted

to $1,372.35. The defendant testified that when he signed the guaranty it was stated in substance by the plaintiff's salesman Hennessey that two guarantors would be required by the plaintiff; that the defendant said he would not be the only signer for $1,500, but that if Hennessey could get one Sophie Miller also to sign he would do so; that Hennessey said, "now if you will sign it I will take this paper to Mrs. Miller . . . if she don't sign it I can't take this order for her signature would not be worth anything, we have got to have two . . . ." There was other testimony that it was understood by Hennessey that the defendant was not to sign the guaranty unless it was also signed by Mrs. Miller. Hennessey testified that he did not state that two guarantors would be required or that he would see Mrs. Miller and obtain her signature to the guaranty.

At the close of the evidence the defendant excepted to the refusal of the judge to give his first, second, fourth, fifth and seventh requests. The defendant's first request that the jury be directed to return a verdict for the defendant could not properly have been given. The rights of the parties upon conflicting testimony presented questions of fact for the determination of the jury. The second request that the instrument on which the plaintiff relies is not a continuing guaranty was properly refused. It is plain that by its terms it was to continue from the time it was signed by the defendant until oil had been delivered by the plaintiff to Palder "up to and not exceeding $1500.00." No error is shown in the denial of this request. The fourth request that the defendant is not liable on the guaranty for oil purchased by Palder from the plaintiff subsequently to September 17, 1927, was rightly refused as there was evidence tending to show that there were such purchases under the guaranty from the plaintiff after that date. The fifth request could not properly have been given as there was evidence which warranted a finding that the guaranty was entered into by the defendant. The seventh request, in substance, that if the jury found that Palder did not purchase any oil from the plaintiff before September 17, 1927, they should return a verdict for the defendant was

rightly refused.  The evidence warranted a finding that all the oil sold by the plaintiff to Palder was sold after September 17, 1927.

The case was submitted to the jury upon adequate and correct instructions.  The judge instructed the jury: "If you believe the testimony of the plaintiff's witnesses that the defendant signed this [the guaranty] well knowing that it was to be used as a guaranty . . . then you would be entitled to find for the plaintiff, deducting such matters of credit as have been applied and omitting all items that do not deal with the purchase of oil."  He further instructed the jury that if when the defendant signed the guaranty it was with the understanding with the agent of the plaintiff that there was to be another guarantor the defendant would not be liable.  These instructions fully protected the rights of the defendant.

The circumstances that Palder purchased a larger quantity of oil from the plaintiff under the terms of the guaranty than was covered by it, and made payments thereon to the extent of $1,227.23, thereby reducing his indebtedness, did not relieve the defendant from the payment of any balance due the plaintiff provided it was not in excess of $1,500.  It could have been found upon the evidence that the defendant did not object to Palder purchasing oil on his own responsibility in addition to that which was covered by the guaranty.  The obligation of the defendant to the plaintiff was the payment up to and not exceeding $1,500.  The amount which might be purchased from the plaintiff was not limited, but $1,500 was the extent of the defendant's liability.  The contention of the defendant that there was no evidence that he knew his guaranty had been received by the plaintiff or had been accepted by it cannot be sustained.  There was ample evidence to show that the plaintiff knew of the guaranty and was willing to make sales to Palder in accordance with its terms.  The defendant as guarantor was not entitled to notice of its acceptance or of sales from time to time made to Palder. *Paige* v. *Parker*, 8 Gray, 211. *Stauffer* v. *Koch*, 225 Mass. 525, 530.  The present case is distinguishable from *Black*,

*Starr & Frost* v. *Grabow*, 216 Mass. 516, and *Lane Brothers Co.* v. *Sheinwald*, 275 Mass. 96, 98, where the guaranty was in the nature of an offer and not pursuant to a previous explicit understanding previously entered into by the parties. Moreover, there was evidence that the defendant in the present case had notice that his guaranty was accepted. The exceptions saved by the defendant to the refusal to direct a verdict in his favor, and to the refusal to give his requests for rulings, must be overruled.

The judge instructed the jury that if the plaintiff was entitled to recover, the recovery was to be limited to purchases of oil and nothing else; that sales of cabinets, grease and all sales other than oil were to be eliminated; that the purchase related to a car load of oil, not necessarily in a car, but the equivalent of a car load. After a verdict had been returned for the plaintiff the defendant filed a motion for a new trial, which was denied except as to damages, and the defendant excepted. The judge found that a mistake was made in the computation of damages and that the verdict returned was in excess of any amount claimed in the declaration or warranted by the evidence. Thereafter there was a trial before the judge, without a jury, which was limited to the question of damages. He found for the plaintiff in the sum of $1,188.33 with interest in the sum of $231.72, making a total of $1,420.05. At this second trial the defendant requested the judge to rule that there was a material variance between the declaration and the evidence of damage, and that there was no evidence of damage as declared on in the declaration. These requests were rightly denied. At the new trial the judge merely corrected the error of the jury by reducing its finding. In this we find no error. No abuse of judicial discretion is shown in confining the new trial to the question of damages.

It results that as no error of law is shown, the exceptions taken at each trial are overruled.

*So ordered.*