WALTER H. MAYO & others *vs.* CHARLES BLOOMBERG.

Suffolk.    November 9, 1933. — March 25, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Guaranty. Contract,* What constitutes, Construction. *Evidence,* Presumptions and burden of proof.

In deciding the propriety of ordering a verdict for the plaintiff at the trial of an action upon an instrument which the defendant admitted he had executed, this court considered only evidence favorable to the defendant and evidence by which he was bound, together with necessary inferences therefrom.

Where a guaranty of payment for goods to be sold, drawn by the prospective seller upon his letterhead, absolute in form, under seal, and reciting receipt of a consideration, was taken by the prospective purchaser of the goods to the person named in it as guarantor, was signed by him and was returned to the prospective seller by the prospective purchaser, notice to the guarantor of its acceptance by the prospective seller was not a condition precedent to the guarantor's liability thereon.

A guaranty of "all bills contracted with" a prospective seller of goods by the prospective purchaser "up to" $2,000, "to remain in effect until all accounts [so] contracted . . . have been paid after which" the guarantor "may be released upon" certain notice, was not limited to the first $2,000 of indebtedness incurred by the prospective purchaser after the giving of it, but was continuous; and under it the guarantor was liable for an unpaid balance, in a sum less than $2,000, resulting from sales in the amount of more than $7,000 and payments on account by the purchaser.

CONTRACT. Writ dated March 26, 1932.

The action was tried in the Superior Court before *Morton, J.* Material evidence is stated in the opinion. The judge ordered a verdict for the plaintiffs in the sum of $1,993.40. The defendant alleged exceptions.

*M. Jacobs*, for the defendant.

*F. M. Carroll*, for the plaintiffs.

DONAHUE, J. Application for credit was made by one Greenberg to the plaintiffs, who did business under the name of Massachusetts Duck Growers Association, and he was told that they would not sell him goods on credit unless a guaranty was furnished. As the result of information furnished by Greenberg one of the plaintiffs typed on the plaintiffs' letterhead the guaranty on which the plaintiffs have brought suit, and gave it to Greenberg who took it to the defendant. The defendant signed it and Greenberg brought it back to the plaintiffs. The guaranty recited: "For and in consideration of the sum of One Dollar . . . hereby acknowledged, I, Charles Bloomberg . . . do hereby agree to guarantee and pay all bills contracted with the Mass. Duck Growers Assn. ·. . . by Harry T. Greenberg . . . up to the sum of $2000 . . . in the event that said Greenberg fails to pay within ten . . . days from date of invoice of merchandise sold Greenberg by the Mass. Duck Growers Assn. This agreement to remain in effect until all accounts contracted by said Greenberg have been paid after which I, Chas. Bloomberg may be released upon 15 days notice by registered mail receipt to Mass. Duck Growers Assn." The instrument bore a seal.

The plaintiffs had no further communication with the defendant with reference to the guaranty or to sales they made to Greenberg until eighteen months afterwards when they notified the defendant that Greenberg owed on his account with them $2,032.75 and demanded payment according to the guaranty. The defendant testified that he signed the guaranty when it was handed to him by Greenberg, that he did not know then whether or not his guaranty would be accepted and that he did not thereafter learn from any source whether it would be accepted or whether the

plaintiffs sold to Greenberg any goods in reliance thereon. The trial judge, subject to the exceptions of the defendant, denied certain requests for rulings made by the defendant and directed a verdict for the plaintiffs in the sum of $1,993.40. The parties agree that the amount of the verdict was correct if the defendant is liable on his guaranty.

The defendant contends that he is not liable on the guaranty because after it was made he was given no notice of its acceptance by the plaintiffs. Since the trial judge directed a verdict for the plaintiffs we here consider no evidence unfavorable to the defendant's contention except that by which he is bound on his own testimony and necessary inferences therefrom.

The prospective debtor of the plaintiffs presented to the defendant an instrument formally drawn and reciting a consideration. It bore a seal and so far as regards the contractual element of consideration no question could be raised by one who signed it. *Lodi* v. *Goyette*, 219 Mass. 72, 77. The document, which was typed on the letterhead of the plaintiffs, indicated that it came from them. The defendant must have known that he was being asked by the plaintiffs to become a guarantor, on the terms and within the limits stated, of the payment for the merchandise which Greenberg should purchase from the plaintiffs. The instrument was not in form a contingent offer to become a guarantor, where the sale of goods to the debtor would be the acceptance contemplated and notice of such acceptance might need to be given to the guarantor in order to hold him liable. *Bishop* v. *Eaton*, 161 Mass. 496, 500. *Cumberland Glass Manuf. Co.* v. *Wheaton*, 208 Mass. 425, 431. We do not think that the instrument can be given such a construction. It is absolute in form and must be construed as expressing an absolute guaranty. When the defendant signed his name to it and handed it back to Greenberg he must have intended that it be delivered to the plaintiffs as an acceptance of their proposal and as an absolute guaranty of payment, to the amount limited, of the debts for merchandise which Greenberg should contract. Under such a guaranty no notice to the defendant of the sales of merchandise to

Greenberg was necessary in order to hold him liable. *Stauffer* v. *Koch,* 225 Mass. 525, 530. *Standard Plumbing Supply Co.* v. *LaConte,* 277 Mass. 497, 501. *Vacuum Oil Co. Inc.* v. *Smookler,* 282 Mass. 361, 365. *Lennox* v. *Murphy,* 171 Mass. 370, 373. *Paige* v. *Parker,* 8 Gray, 211. The facts in this case do not bring it within the rule stated and applied in *Black, Starr & Frost* v. *Grabow,* 216 Mass. 516, and *Lane Brothers Co.* v. *Sheinwald,* 275 Mass. 96.

The plaintiffs made sales of merchandise to Greenberg over a period of four months to the amount of over $7,000 and he made payments on account which reduced the balance due at the time this action was brought to $1,884.09. The defendant contends that the instrument of guaranty should be construed as limited to the payment of the first $2,000 of indebtedness incurred by Greenberg after the guaranty was given. We think that the language of the instrument makes it clear that the guaranty was a continuing one and that the defendant is liable for the balance unpaid since that is less than the limit of liability set by the terms of the guaranty.

We have dealt above with the substance of the exceptions to the denial of requests for rulings which were argued before us and with the exception to the direction of a verdict for the plaintiffs. We find no error.

*Exceptions overruled.*