Zottoli, J.
This is an action on a promissory note. The defendant stands defaulted. The City of Boston was duly summoned as trustee; the original writ being served on it January 9,1936 and again on January 27,1936. Later, special precepts of attachment by trustee process were issued. These were served on the trustee on June 25, 1936; June *554 26, 1936; June 29, 1936, September 8, 1936. After each service upon it the trustee filed “no funds” answers. Thereafter the plaintiff filed interrogatories to the said trustee. These were answered in part. Later, the plaintiff filed “allegations of fact” on which a, hearing was had and testimony received. In due time the plaintiff presented eight requests for rulings, all of which the court denied. The court, thereupon, found “that the trustee was, not chargeable; denied the plaintiff’s motion to charge the trustee, and allowed the trustees’ motion to discharge it.” It becomes unnecessary to consider the court’s treatment of all of the requests it denied as we have concluded that in denying the plaintiff’s sixth request it committed reversible error. This request asked the court to rule that “as matter of law, the court would be warranted in allowing the plaintiff’s motion, to charge the trustee”. The situation here presented is, in principle, similar to that considered in the case of Bresnick v. Heath, A. S. (1935) 2297, at 2301, where the denial of a like request was considered. It was there pointed out that the plaintiff in making such a request “was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of finding of facts showing that the requested ruling had become irrelevant. — A finding of facts in favor of the defendant was supportable on the evidence, — but the record does not show that the ultimate decision may not have been due to the erroneous view of law of the trial judge expressed by his denial of request 6. That is an error which this court cannot correct except by reversing the decision”.
In the case before us the trustee has baldly answered that it had no funds of the defendant at any of the times the process was served upon it. These bald answers, together with the testimony most favorable to the trustee given at *555 the hearing of the issues arising out of the allegation of facts might have justified the court’s action in refusing to charge the trustee, cf. Dennison v. Swerdlove, 250 Mass. 507, 509. Gen. Laws (Ter. Ed.) Ch. 246, §16. But such answers are not conclusive where, as here, testimony is received on issues presented by allegations of fact “not stated or denied by the trustee”, if the testimony shows that the trustee could be charged. Gen. Laws (Ter. Ed.) Ch. 246, §16. Questions of fact “arising upon sueh allegations” are to be tried and determined by the court. Gen. Laws (Ter. Ed.) Ch. 246, §17. The language of the statute imports that the court is to pass upon the weight of the testimony offered to it on the issues arising out of the allegations of fact; the burden of proof being upon the plaintiff to show that the trustee should be charged. Krogman v. Rice Bros. Co., 241 Mass. 295, 300.
If the court found that the plaintiff had shown, by a fair preponderance of the evidence, that the trustee had funds due the defendant at the time it was served with process, it could have charged the trustee though the funds represented wages due the defendant as a schoolteacher of the trustee. North American Finance Co. v. O’Connor & Tr., No. 331598 (of 1933) Municipal Court of the City of Boston, 40 App. Div. 184.
The evidence reported warranted findings “that the defendant during the school year 1935-1936 was employed "by the City of Boston as a schoolteacher at a salary in excess of $2400 per year; and was assigned to the continuation school and taught therein during that year; that the Boston Schools, including the continuation school, opened in September, 1935 and closed for the school year on June 24,1936; that the defendant, under her contract, taught at the continuation school from the time the school opened in September, 1935, to the time it closed on June 24, 1936; that *556 after June 24, 1936, some of the teachers in that school were subject to be called back on June 25, 1936, for some work to be done at the school on that particular day, but that after that date, they were not to be and were not called back to perform any services until the opening of the school year, which began in September, 1936”.
The trustee’s answers to the plaintiff’s interrogatories warranted further findings that the defendant had been paid monthly up to June 25, 1936, but that she had “not been paid any money from June 25, 1936 up to and including August 25, 1936”; that on August 28, 1936, the defendant “was paid $208 on account of the contract for the school year, 1935-1936”, and had not been paid again until September 28,1936 when she was paid $205. Whether the contract alluded to was oral or in writing does .not appear. Neither does it appear that the defendant and the trustee specifically contracted for monthly payments on account of the “salary in excess of $2400.00 per year”. It does appear that the defendant had been paid on a monthly basis up to June, 1936, and for the months of August and September of that year. The Act of 1935, Ch. 350, requires weekly payments to City employees, unless “the employee requests in writing to be paid in a different manner”. The court could assume that the City officials made the contract in conformity to the requirements of the statute; Ransom v. Boston, 192 Mass. 299, 307, Knowles v. Boston, 12 Gray 339, that the defendant had requested in writing to be paid monthly and had been so paid by reason of that request. In the absence of contrary evidence, there is a presumption that one has complied with statutory requirements. Stauffer v. Koch, 225 Mass. 525. Karpowicz v. Mansas, 275 Mass. 413, 419. cf. Silvia v. The Fidelity & Casualty Co., 252 Mass. 328, 330.
The evidence most favorable to the plaintiff, aided by the presumptions above referred to and the reasonable infer *557 enees that could be drawn from the testimony would warrant a court finding that on September 8, 1936 (when the trustee was last served) there was some money due the defendant from the trustee, and that it was due “absolutely and without any contingency”. This finding would warrant a court’s granting the plaintiff’s motion to charge the trustee. Gen. Laws (Ter. Ed.) Ch. 246, §24.
It, therefore, appears that the denial of the plaintiff’s 6th request was prejudicial error. The order therefore is:
(1) The court’s order denying the plaintiff’s motion to charge the trustee be, and is, hereby vacated.
(2) The court’s order discharging the trustee be, and is, hereby vacated.