Parker C. J.
delivered the opinion of the Court. This *402 case presents a question which has not yet been decided in this commonwealth, nor does it appear that the researches of counsel have discovered any precedent for us in the reports of any other court.
By the facts agreed it appears that the defendant put his name on the back of the note about nine months after its date, and three months before it became due. There is no evidence of the intent and purpose of this act of the defendant, nor of any consideration which moved him to it. The writing made by the plaintiff over the signature would make it an original promise, of the same date with the note, to pay the contents of the note according to its tenor. We do not think there was any authority in the plaintiff to make this use of the signature, because it is inconsistent with the circumstances under which the signature was given. It is impossible to infer an original promise to pay this note, coeval with its date, from a signature put upon it nine months after. The case of Ulen v. Kittredge is no authority for it; for in that case Kittredge was charged as guarantor, and there was a consideration in forbearance towards the promisor, and the Court inferred. from the act and declarations of Kittredge an authority to make him thus liable, the note being due when the indorsement was made. Nor does the case of Moies v. Bird support it, for though the signing of Bird was two or three days after the note was made, there were facts from which an agreement to be responsible from the beginning was justly inferred.
These two cases approached nearer to the one before us than any which have been cited from our books, but they do not reach the present case, for this is a naked indorsement without any accompanying facts or declarations tending to explain the act. The principle by which all our decisions have been regulated, from the case of Josselyn v. Ames downwards, is, that where the indorsement is made at the time of making the note, the person indorsing the note is to be treated as an original promisor, and this because he is supposed to participate in the consideration, that is, the payee is supposed to have parted with something valuable upon the strength of the liability of the party who puts his name on the note, and as *403 such party cannot be answerable as an indorser, he shall be answerable as an original promisor. This is well understood to be the law of this commonwealth, and we do not feel disposed to change it. No authority has been produced from this or any other state or country, which would justify us in extending the liability of these anomalous indorsers. We cannot yield to the suggestion of counsel, that the blank signature gives authority in this case to refer the effect of the signature to the date of the note, because it is proved that that signature was given nine months afterwards, and we have no facts to justify such a reference.
But this signature is not without effect; it was intended as security to the plaintiff, and it ought to avail as intended. The only form of engagement which is consistent with the time and circumstances under which the signature was made, isl a guaranty of the payment of the note when it should become due, and that is a contract which may be enforced, if it was made on legal consideration, and not otherwise. If within the statute of frauds, it is sufficiently in writing, with the engagement to that effect which the plaintiff is authorized to place over the signature, to be sustained.[1] But whether within the statute or not, it cannot avail the plaintiff without proof of consideration, because it is a collateral, not an original undertaking. We think the signature conveys the authority to superscribe this engagement, as was decided in 1801, in a case reported in a note to Precedents of Declarations (2d ed.), 150, afterwards in Josselyn v. Ames, Ulen v. Kittredge, and many other subsequent cases.
The action in its present form therefore cannot be maintained ; but if it is supposed that' a consideration can be proved, the plaintiff has leave to amend his declaration and his indorsement over the signature, and a new trial is granted.* *

 See 3 Kent's Comm. (3d ed.) 121 to 123, and cases cited in the notes.

 See Sumner v. Gay, ante, 311. [312, n. 1; Bayley on Pills (Phil, and Sewall's 2d ed.) c. 2, § 5, p. 46 to 49.]