WILLIAM FILENE'S SONS COMPANY *vs.* THORNTON K. LOTHROP, JR.

Suffolk.   October 17, 1922. — December 1, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Contract,* Of guaranty, Construction, Performance and breach.

At the trial of an action for $75 upon a guaranty in writing, the following facts appeared: The plaintiff on January 20 by a contract under seal agreed to "guarantee and hold myself personally responsible for the payment at maturity of the purchase price of all such goods, wares and merchandise so sold and delivered [to a certain customer of the plaintiff], whether evidenced by open account or note. I hereby waive notice of acceptance thereof, amount of sales, dates of shipment or delivery, and notice of default in payment. . . . This is intended to be a continuing guarantee applying to all sales made by you to [the person designated] . . . from this date until the same is revoked by me in writing, up to $75, no payment to be made before March 15." On January 23, the defendant wrote to the plaintiff: "As far as my guarantee is concerned I hope you notice that it is only for $75, and is not to be payable until March 15. I hope [the designated customer] . . . will be able to pay for any goods she has obtained from you on this guarantee before that date." On August 11, when the customer owed the plaintiff $197, the customer presented to the plaintiff a check of the defendant in the amount of $300, payable to the customer's order, and requested that it be cashed. The plaintiff consented to cash it on condition that the customer would make a payment on her account, and, the check being cashed, the customer paid $75 on the account. *Held,* that

(1) The guaranty was not limited to a single transaction;

(2) The letter of January 23 did not revoke nor modify the guaranty, which remained a continuing guaranty, not limited to a single transaction;

(3) It not appearing that the defendant gave to the customer the $75, which the customer paid on the account when the check was cashed, with a direction that it should be so applied and that the plaintiff had knowledge of such a direction when the money was received, the continuing obligation of the defendant to the plaintiff was not discharged by the payment.

CONTRACT for $75 upon a contract of guaranty, described in the opinion. Writ in the Municipal Court of the City of Boston dated September 15, 1921.

Material evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. In a contract of guaranty for a definite amount, whether continuing or not, payment of the amount by the guarantor to

the creditor terminates the contract of guaranty and discharges the guarantor from further liability thereunder.

"3. Upon all the evidence full payment of the amount specified in the guaranty was made by the defendant to the plaintiff on or about August 11, 1920.

"4. By the terms of the contract of guaranty introduced in evidence in this case, $75 is the limit for which the guarantor could be held liable and payment of that sum by the guarantor constituted full performance of said contract of guaranty and discharged the guarantor from any further liability thereunder."

The judge refused the rulings, stating as to those numbered 2 and 4 that he did so because they were not based on the evidence in the case. He found for the plaintiff in the amount claimed and, at the request of the defendant, reported the case to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*T. K. Lothrop, Jr., pro se.*

*A. S. Coppinger,* for the plaintiff, submitted a brief.

PIERCE, J. This is an action of contract brought in the Municipal Court of the City of Boston upon a written contract of guaranty, signed by the defendant, dated January 20, 1920, and addressed to the plaintiff, which reads as follows: "Please sell to Mrs. Frances E. Stearns on your usual credit terms, such goods, wares and merchandise as she from time to time may select, and in consideration thereof I hereby guarantee and hold myself personally responsible for the payment at maturity of the purchase price of all such goods, wares and merchandise so sold and delivered, whether evidenced by open account or note. I hereby waive notice of acceptance thereof, amount of sales, dates of shipment or delivery, and notice of default in payment. I further waive the requirement of legal proceedings against the said purchaser; this guarantee is limited to seventy-five dollars ($75). This is intended to be a continuing guarantee applying to all sales made by you to Mrs. Frances E. Stearns from this date until the same is revoked by me in writing, up to $75 no payment to be made before March 15th, 1920. Witness my hand and seal this twentieth day of January, 1920." The answer of the defendant was a general denial, payment and denial of signature. The Municipal Court found for the plaintiff and made a report of its findings

and rulings to the Appellate Division of that court. The Appellate Division ordered the "Report dismissed," and the case is here on appeal from the final order of the Appellate Division.

The report discloses that at the trial the defendant admitted that the contract of guaranty was duly executed and delivered as of the date therein set forth. It further appears that Mrs. Stearns, after the delivery of the executed contract of guaranty, opened an account at the store of the plaintiff and continued to make purchases, with payments on account from time to time, until August 1, 1921, at which time there was an unpaid balance of $197.48. It also appears that Mrs. Stearns on August 11, 1920, presented a check of $300, drawn by the defendant and payable to the order of said Frances E. Stearns, to a clerk of the plaintiff, at the store, and asked that it be cashed; that the clerk presented the check "to an official of the house, who said that the check might be cashed if the said Stearns, out of the proceeds of said check, would make a payment on account of the money she then owed the plaintiff;" that the check was then cashed and Mrs. Stearns made a payment of $75 on account of her indebtedness.

Notwithstanding the express provision of the contract that "This is intended to be a continuing guarantee applying to all sales made by you to Mrs. Frances E. Stearns from this date [January 20, 1920] until the same is revoked by me in writing," the defendant contends that the contract of guaranty should be construed as limiting the obligation of the guarantor to a single transaction between Mrs. Stearns and the plaintiff, because of the provision that "this guarantee is limited to seventy-five dollars ($75) . . . up to $75, no payment to be made before March 15th, 1920;" or, if not so limited by the terms of the contract, that the provision for a "continuing guarantee" was eliminated and the obligation was reduced to a contract of guaranty for a single purchase, before any goods were sold Mrs. Stearns in reliance upon the executed contract, perforce of a letter of the defendant to the plaintiff, dated January 23, 1920, which read so far as it related to the contract as follows: "As far as my guarantee is concerned I hope you notice that it is only for $75.00, and is not to be payable until March 15th. I hope Mrs. Stearns will be able to pay for any goods she has obtained from you on this guarantee before that date." It is plain that the parts of the agree-

ment upon which the defendant relies are not inconsistent with the express agreement that "This is intended to be a continuing guarantee applying to all sales . . . until the same is revoked . . . in writing." It is equally plain that the clause quoted in the letter of the defendant was written for the purpose of enforcing attention to the express limitation of the contract as to the amount of the defendant's liability and the time when any debt arising under the contract should become payable; and that there is nothing in the circumstances or in the form of the letter, which was written within a day or two of the execution of the contract, to support the claim of the defendant that the letter was intended to revoke or modify in writing the guaranty.

The defendant further contends that the obligation under the contract was extinguished by the payment of $75 of money which came from the defendant and was applied to the account of Mrs. Stearns by the plaintiff. A discharge of the obligation of the defendant would have resulted as claimed by the defendant, if the defendant had given Mrs. Stearns the money which the plaintiff applied to the account with a direction that it should be paid to the plaintiff to be applied on her account, and the plaintiff had knowledge of such a direction when the money was received. In the case at bar there is no evidence that the defendant gave the check to Mrs. Stearns with any direction as to her use of it, and there is no evidence that the plaintiff had knowledge that the defendant intended that Mrs. Stearns should act as his agent in cashing the check or in making the payment which she made upon the guaranteed account. In these circumstances the continuing obligation of the defendant to the plaintiff was not discharged by the payment of Mrs. Stearns on her account of an amount of money, received by her from the defendant, which equalled the amount of the defendant's obligation. *Reed* v. *Boardman,* 20 Pick. 441, 446. *Bayer* v. *Lugar,* 106 App. Div. (N. Y.) 522; affirmed in 186 N. Y. 569. *Burke* v. *Taylor,* 46 U. C. (Q. B.) 371.

The requests for rulings were refused rightly.

*Order dismissing report affirmed.*