### NICHOLAS ZEO *vs.* PETER LOOMIS & others.

Hampden. September 20, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Guaranty. Contract,* Construction. *Partnership. Equity Pleading and Practice,* Appeal, Motion for extension of record.

The liability of a surety or guarantor is to be ascertained from the terms of the written instrument by which his obligation is expressed, construed according to the usual rules of interpretation in the light of the subject matter, the well understood usages of business and the relations of the parties to the transaction; and, where the words are unambiguous, they alone can be examined to determine their meaning.

A guaranty given to a merchant on behalf of one about to engage in business on his own account, " I hereby guarantee the payment of all bills contracted with you by " the person so starting business, expires as a matter of law when such person, a month after the guaranty was given, closes the individual account, ceases business as an individual and forms a partnership with a third person; and, although the guaranty does not state its duration expressly, the guarantor cannot be held to have guaranteed an account contracted by the same person in his individual capacity after the partnership was closed within a year from the date of the instrument.

A motion, presented in this court by a plaintiff in a suit in equity when his appeal from a final decree dismissing the suit was called for argument, that

the testimony at the hearing of the suit by a judge, which had been taken by a stenographer but not by a commissioner appointed under Equity Rule 35, be made a part of the record, the plaintiff alleging that some findings of fact by the trial judge were not warranted by the evidence, was denied, it appearing that every right of the plaintiff had been preserved.

BILL IN EQUITY, filed in the Superior Court on May 20, 1921, to enforce the provisions of an alleged guaranty by the defendant George K. Loomos of the account of the defendant Peter Loomis with the plaintiff and to reach and apply in payment the interest of George K. Loomos in a partnership between him and the defendant Peter S. Stavropoulos.

In the Superior Court, the suit was heard by *Callahan*, J., on March 22, 1923, no commissioner having been appointed to take the evidence. On March 23, he ordered the bill dismissed and that a decree be entered accordingly, and a final decree dismissing the bill was entered on the same day. The plaintiff appealed on March 26 and, on his motion under G. L. c. 214, § 23, the judge on March 30 reported material facts found by him, which are described in the opinion.

The record did not disclose the filing of any statement of exceptions or of a bill of exceptions, or anything to show that any exception was saved at the hearing.

In this court, before the argument of the appeal, the plaintiff moved that testimony at the hearing, which, he alleged, was taken down by a stenographer, be made a part of the record on appeal, alleging that some findings of fact by the judge were without warrant. The motion was denied.

*C. E. Bell*, for the plaintiff.

*J. L. Gray*, for the defendant.

RUGG, C.J. This suit is brought to recover upon a written guaranty dated July 24, 1919, addressed to the plaintiff and signed by the defendant George K. Loomos, in these words: " I hereby guarantee the payment of all bills contracted with you by Peter Loomis." The facts are that on that date, Peter Loomis being about to engage in business on his own account, the plaintiff would not open an account with him unless it was guaranteed. The defendant George

K. Loomos thereupon signed and delivered the guaranty. Thereafter goods were sold to Peter Loomis on credit until sometime in August, 1919. Then Peter Loomis ceased to do business as an individual and formed a partnership. That was succeeded by other partnerships of which Peter Loomis was a member and which successively continued to do business until the spring or summer of 1920, when Peter Loomis in his individual capacity again engaged in business at the same place. When the first partnership was formed, the plaintiff closed his account with Peter Loomis as an individual and did business with the partnership of which he was a member, and opened a new account with him as an individual when he resumed doing business alone. The present suit is founded upon this last account. No notice was given by the plaintiff to the defendant George K. Loomos of his intention to open the last and new account with Peter Loomis. The defendant George K. Loomos knew of the partnerships to which Peter Loomis was a party. The plaintiff never expressly released the defendant George K. Loomos from the guaranty, and the latter never gave the former notice of his intention to be no longer bound thereby.

The liability of a surety or guarantor is to be ascertained from the terms of the written instrument by which his obligation is expressed, construed according to the usual rules of interpretation in the light of the subject matter, the well understood usages of business, and the relations of the parties to the transaction. Where the words are unambiguous, they alone can be examined to determine their meaning. *Boston Hat Manufactory* v. *Messinger*, 2 Pick. 223, 238.

The duration of the guaranty here in suit is not stated in the writing. It must be determined from all the circumstances according to the reasonable inferences presumably entertained by normal business men. It may be assumed that at least the guaranty was intended to be operative for a reasonable time. *Rotch* v. *French*, 176 Mass. 1, 4. *Tilton* v. *Whittemore*, 202 Mass. 39. *Bent* v. *Hartshorn*, 1 Met. 24. The guaranty was valid and enforceable as to the first account. *William Filene's Sons Co.* v. *Lothrop*, 243 Mass. 214. It

was confined by its terms to bills contracted by Peter Loomis alone. It did not cover goods sold to any partnership of which he was a member. *Parham Sewing Machine Co.* v. *Brock*, 113 Mass. 194, 197. *Holmes* v. *Small*, 157 Mass. 221. *Jordan Marsh Co.* v. *Beals*, 201 Mass. 163. When Peter Loomis gave up his individual business and entered into a partnership, the condition of all the interested parties changed with reference to the subject matter. This was recognized by the plaintiff, who modified his manner of charging the account to conform to the new business arrangement. The retirement of Peter Loomis from individual business activity and his engagement in a partnership was not temporary but continued for many months. It was in substance a public declaration of an important alteration in his business methods and relations. It appeared to be permanent.

We are of opinion that on the facts here disclosed the guaranty expired as matter of law when the first account of the plaintiff with Peter Loomis was closed, and that the defendant cannot be held liable for the new account charged after the dissolution of the last partnership of which Peter Loomis was a member.

There is nothing on this record to indicate that the decree dismissing the bill was entered prematurely, or that any substantial rights of the plaintiff were adversely affected. The proper and preferable way to bring to the full court alleged errors in equity causes is by appeal. That has been said repeatedly. *McCusker* v. *Geiger*, 195 Mass. 46, 52. *Welsh* v. *Briggs*, 204 Mass. 540, 549. *Cushman* v. *Noe*, 242 Mass. 496, 501. Every right of the plaintiff in this respect was preserved. There is no room for the application of the principles discussed in *Everett-Morgan Co.* v. *Boyajian Pharmacy*, 244 Mass. 460.

*Decree affirmed with costs.*