PERRY H. GENTZEL *vs.* HARRY C. DODGE & others.

Suffolk.  March 4, 1930. — May 28, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Guaranty*, Consideration, Discharge.  *Contract*, Consideration.  *Notice*.

At the hearing of a suit in equity by an employee of a corporation to enforce payment, by an officer of the corporation, of salary owed the plaintiff by the corporation, there was evidence that the plaintiff had remained with the corporation because of and in reliance upon a promise in writing by the officer to him to see that he was paid in full any salaries then overdue or to accrue during the officer's connection with the corporation in case it was unable to pay such overdue salaries; that the corporation was unable to make payment; and that the officer's connection with it extended throughout the period in question.  There was a decree for the plaintiff.  *Held*, that

(1) A finding was warranted that the plaintiff's continuance with the corporation was a consideration for the defendant's guaranty contemplated in his offer;

(2) Notice by the plaintiff was not necessary.

At the hearing of the suit above described, it appeared that the plaintiff had left the employ of the corporation, that thereafter the parties conferred to ascertain what was due to the plaintiff and agreed that a statement then prepared by the corporation was accurate.  *Held*, that such evidence did not require a finding that the plaintiff accepted the statement as a new basis of claim against the corporation nor as a substitution of a new obligation for the officer's obligation on his guaranty; nor that he had made an agreement to give time to the principal debtor which would have released the guarantor.

BILL IN EQUITY, filed in the Superior Court on June 28, 1929, described in the opinion.

The suit was heard by *Gray*, J.  It appeared that the defendant Dodge was president of the Unit Railway Car Company during the period in question.

By order of the judge, a final decree was entered, ordering, among other things, that the defendant Dodge pay

the plaintiff $8,758.64 with interest from June 1, 1927, and costs.   The defendant Dodge appealed.

*A. L. Richards*, for the defendants.

*J. F. Ryan*, for the plaintiff.

WAIT, J.   The defendant Dodge appeals from a decree establishing his indebtedness to the plaintiff for wages not paid by Unit Railway Car Company, and directing the application of his interest in certain shares of stock in satisfaction, if payment be not made within a time fixed.   The evidence is reported.   It will sustain findings that the plaintiff was in the employ of the car company from 1920 until May 31, 1927; that when he left the employment there was due him as unpaid salary $12,164.64; that $3,406 had been paid upon this up to the date of filing the bill; that he remained in the employ of the car company because of the written promise of Dodge to see that he was paid in full any overdue salaries accruing during Dodge's connection with the company in case that company was unable to pay such overdue salaries; that the company was unable to make payment; and that Dodge's connection with it extended throughout the period in question.   There was conflict in the testimony.   It need not be recited in detail.

The contentions of the defendant that a consideration was necessary to a binding contract of guaranty; that merely ·remaining with the company and forbearing to sue it are not enough to entitle the plaintiff to recover; and that an accounting with the company which substituted a claim on an account stated for the claim for unpaid wages would put an end to liability on a guaranty of the claim for wages, are sound in law, *Barber* v. *Rathvon,* 250 Mass. 479, 484, *Zeo* v. *Loomis,* 246 Mass. 366, *Maddison* v. *Alderson,* 8 App. Cas. 467; but are not controlling.   If the plaintiff and Dodge both understood that the plaintiff would not go on with the company unless Dodge personally guaranteed the payment of so much of the plaintiff's salary, past and future, as the company was unable to pay, and if both understood his remaining to be in reliance upon that guaranty, then his continuance in the employ was a consideration for the guaranty, a consideration contemplated

in the offer. Notice was not necessary. *Stauffer* v. *Koch,* 225 Mass. 525. *Bascom* v. *Smith,* 164 Mass. 61. The evidence justifies findings that such were the facts of this case. There is no dispute that when the plaintiff left the employ, the parties got together to ascertain what was due to the plaintiff and agreed that the statement prepared by the company was accurate; but this does not require a finding that the plaintiff accepted it as a new basis of claim against the company. There were no disputed counter-claims adjusted and merged in a balance then struck. The parties separated in the belief that the defendant remained liable on his guaranty, and was not discharged by finding out the sum of the unpaid salary, — the amount guaranteed. There was no substitution of a new obligation for the old; and no agreement to give time to the principal debtor which would have released the guarantor. See *Lennox* v. *Murphy,* 171 Mass. 370; *Zeo* v. *Loomis, supra.* We think a finding justified that demand for payment was made when the plaintiff left the employ in May, 1927, and that interest from June 1 of that year was allowed properly.

We find no error of law in the judge's rulings.

*Decree affirmed with costs.*