347 Mass. 415                               415

Atlantic Alum. & Metal Distrs. Inc. *v.* Standard Paint & Wall Paper Co. Inc.

ATLANTIC ALUMINUM & METAL DISTRIBUTORS, INC. *vs.*
STANDARD PAINT & WALL PAPER CO. INC.
(and a companion case[1]).

Hampden.      April 8, 1964. — May 1, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Guaranty.   Deceit.*

In an action by a seller against a guarantor of "the account of" the
buyer to recover the amount due from the buyer for goods sold about
five years after the signing of the guaranty, which contained in terms
no limit on its duration, evidence, particularly evidence that two years
after execution of the guaranty the plaintiff sought and obtained from
the defendant a written guaranty of one sale to the buyer and later
sought further guaranties from the defendant but failed to obtain them,
required rulings given by the trial judge that the guaranty "did not
cover the indebtedness alleged in the plaintiff's declaration" and "was
not in force and effect at the time" such indebtedness was incurred.
[417–418]
Where, at the trial together of an action of contract by a seller against a
corporation to recover on its guaranty of the buyer's "account" and an
action of deceit by the same plaintiff against the president of the corpo-
ration, who signed the guaranty in its behalf, it appeared that the
guaranty was no longer in effect when the indebtedness of the buyer on
which the contract action was based was incurred, any misrepresenta-
tions to the plaintiff by the president of the corporation with respect to
his authority to bind it or its power to execute the guaranty did not
result in damage to the plaintiff, and the trial judge properly declined
to rule that the evidence warranted a finding for the plaintiff in the
deceit action.   [418]

CONTRACT.   Writ in the Superior Court dated January
15, 1960.

TORT.   Writ in the Superior Court dated December 1,
1960.

The actions were heard together by *Good, J.*

*Irving M. Cohen* for the plaintiff.

*John I. Robinson,* for the defendants, submitted a brief.

[1] The companion case is by the same plaintiff against Sidney Rose.

WHITTEMORE, J. These two actions, tried together, concern a written guaranty by one corporation of the account of another. There was a finding in the Superior Court for the defendant in each action and the plaintiff excepted to the denial of its requests for rulings in each case.

The first action was brought by Atlantic Aluminum & Metal Distributors, Inc. (Atlantic), against Standard Paint & Wall Paper Co. Inc. (Standard) to recover on Standard's guaranty the sum of $9,186.12 due Atlantic from Ultra-Hi T.V. Mfg. Corp. for shipments of aluminum tubing made between February 2, 1959, and November 8, 1959. The guaranty was given in 1954. The second action was in deceit for misrepresentation of authority against Sidney Rose who signed the guaranty as president of Standard.

The evidence tended to show these facts: In September, 1954, Ultra-Hi owed Atlantic about $14,000. On September 20, 1954, Rose signed for Standard the following guaranty: "The Standard Paint & Wallpaper Company, Inc. hereby guarantees the account of Ultra-Hi T.V. Manufacturing Corp. covering purchase of aluminum from the Atlantic Steel & Iron Company,[2] Springfield, Mass. Signature: [s] Sidney Rose . . . Pres. . . . Be sure to contact Joseph Howard [the president and manager of Ultra-Hi] before making any shipments of aluminum." Pursuant to the letter of guaranty Atlantic sent Ultra-Hi another shipment of aluminum and subsequently made other shipments. Payments were slow. In 1956, the account was considerably in arrears. In February, 1956, Standard's treasurer wrote Atlantic "I am rather surprised to read that you are looking toward Standard . . . for payment of a number of invoices for merchandise sold to Ultra-Hi when our agreement and guaranty specifically was for one purchase only of aluminum." In 1956 representatives of Atlantic, Standard's treasurer, and Ultra-Hi's president agreed on a schedule for paying off the $21,290.60 then due. Thereafter the account was substantially reduced by Ultra-Hi, and Atlantic continued to sell to Ultra-Hi. In May, 1956, Atlantic requested of Standard and Standard gave a written guaranty

[2] This was formerly the plaintiff's name. REPORTER.

347 Mass. 415                                                   417

Atlantic Alum. & Metal Distrs. Inc. *v.* Standard Paint & Wall Paper Co. Inc.

of one order of merchandise for Ultra-Hi of about $2,700. This debt was paid. Later, Atlantic's president talked with Standard's treasurer and Ultra-Hi's president and manager and "wanted Standard or . . . [its treasurer] personally to sign other guarantees which they both declined to do." Letters from Atlantic in 1956, after July, and after 1956, addressed to Standard, or to Ultra-Hi with copy to Standard, indicated an intention if necessary to look to Standard's guaranty. In 1959 Ultra-Hi went into bankruptcy owing Atlantic the $9,186.12 for which the actions are brought.

The plaintiff's exceptions present these issues: (1) whether the guaranty was in force and applicable to the account; (2) the power of Standard to guarantee Ultra-Hi's account; and (3) the liability of Rose if the guaranty was ultra vires.

We deal with the first issue only as it disposes of the cases. This issue is raised by the plaintiff's exception to the denial of its request in its action against Standard for a ruling that the evidence warranted a finding for the plaintiff.

Standard's requests for rulings, and the judge's memorandum of action thereon, although not set out in the bill of exceptions, are docketed in the Superior Court and we have examined them. G. L. c. 231, § 135. The judge ruled that "the guarantee of September 20, 1954 did not cover the indebtedness alleged in the plaintiff's declaration" and "was not in force and effect at the time the indebtedness set forth in the plaintiff's declaration was incurred."

We think the evidence required these rulings. The guaranty, unlimited in time by its terms, was operative for a reasonable time. *Zeo v. Loomis,* 246 Mass. 366, 368. Its duration "must be determined from all the circumstances according to the reasonable inferences presumably entertained by normal business men." *Ibid.* Any doubt as to the continuance of the 1954 guaranty until 1959 was resolved by Atlantic's action in 1956, in seeking and obtaining another guaranty for a specific sale and later seeking and failing to obtain from Standard further guaranties. Atlantic's request for a ruling that the evidence warranted a finding

for the plaintiff was properly denied and the general finding for Standard was right.

In the circumstances any misrepresentation by Rose of his authority or the power of his corporate principal did not result in damage to Atlantic and thus the judge properly declined to rule that the evidence warranted a finding for the plaintiff against Rose. See *Dubois* v. *Atlantic Corp.* 322 Mass. 512, 520–521.

In each action the entry will be

*Exceptions overruled.*