*Western District*
#173147

## HOROWITZ BROS. & MARGARETEN

v.

## SPRINGFIELD BUTTER, Inc.,
## MYRON A. WIDLAND and
## HAROLD R. WIDLAND

Argued: Dec. 7, 1966   Decided: Dec. 27, 1966

*Present:* Garvey. P.J., Moore, and Allen, J.J.

Case tried to *Sloan, J.* in the District Court of Springfield   #173147

Garvey, P.J.   In this action of contract there was finding for the plaintiff against the individual defendants (the defendants) and damages assessed in the amount of $8,608.96, admittedly owed by the corporate defendant (the corporation), a bankrupt. The defendants claimed a report.

The reported evidence discloses that on February 10, 1961 the defendants, who were the sole officers and stockholders of the corporation executed an agreement guaranteeing payment of the corporation's account with the plaintiff. This was done to ensure delivery by the plaintiff of the corporation's 1961 Passover order. 1962 and 1963 Passover orders were also delivered by the plaintiff.

The guarantee reads in part: ''In order to induce (the plaintiff to enter into contract or contracts with, make loan or loans and/or extend credit to (the corporation) and in consideration of such loans, advances or extensions of credit the undersigned (the defendants) hereby guarantee (to the plaintiff) . . . the full and prompt payment . . . of any and every indebtedness, liability or obligation (of the corporation to the plaintiff) . . . .

There is no merit in the appeal of the defendants. The interpretation of this unambiguous contract presented to the trial judge, and to us, a ''pure question of law''. *Taylor* v. *Gowetz,* 339 Mass. 294, 300. *Daley* v. *J. F. White Contracting Company,* 347 Mass. 285, 288. The guarantee did not contain a termination date. It was not limited to the 1961 order as argued by the defendants and the fact that this order was paid is of no consequence. Cf. *Zeo* v. *Loomis,* 246 Mass. 366, 369. *Atlantic Aluminum & Metal Distributors, Inc.* v. *Stand-*

*ard Paint & Wallpaper Co., Inc.,* 347 Mass. 415.

The trial judge's action on the defendants' requests for rulings of law was correct. The report is to be dismissed.

EARLE ALPERT
  of Springfield for the Plaintiff
BACON, WELTMAN AND COHEN
  of Springfield for the Defendants