ROGER WILLIAMS GROCERY CO. *vs.* BERNARD G. SYKES & another.

Norfolk.   March 6, 1970. — May 8, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Guaranty.*

An undated guaranty, requested by a wholesale supplier, of payment for merchandise delivered by it to a market, providing that the guarantor waived notice of the supplier's "assent" to the guaranty and acknowledged that he had received "all notice necessary to charge" him as guarantor, was effective to charge the guarantor for merchandise delivered by the supplier to the market after the guaranty had been delivered to an agent of the supplier who was managing the market, although the agent did not deliver the guaranty to the supplier until sometime after delivery of the merchandise.

CONTRACT.   Writ in the District Court of Northern Norfolk dated October 1, 1964.

Upon removal to the Superior Court the action was heard by *Linscott, J.*

*Bernard V. Martin* for the defendant Bernard G. Sykes.

*Charles Sallet,* for the plaintiff, submitted a brief.

REARDON, J.   The plaintiff brought an action of contract to recover from the defendants as guarantors money allegedly due him for deliveries of merchandise to the "Big W" Supermarkets, Inc. ("Big W"), of which the defendants were stockholders.  The case was heard by an auditor with findings of fact not final.  An answer was filed by the defendants containing a general denial and setting forth as affirmative defences that the contract of guaranty was undated, that it was not operative at the time of the deliveries, that there was fraud, and that an extension of time was granted by the plaintiff without the consent of the guarantors.   The auditor found for the plaintiff in the sum of $6,356.89, plus interest, and the plaintiff moved for judgment on the auditor's report.   The court ordered judgment on the report and the defendant Sykes excepted.   The sole question in controversy is whether the facts found by the auditor warrant a finding for the plaintiff.

The auditor found as follows.  In February, 1964, "Big W" arranged to secure its supplies from the plaintiff, a wholesale supplier, for certain charges, in consideration of which the plaintiff arranged to have the store managed by its vice-president, one Ciardelli.   Ciardelli took over full management.   At this time all parties were aware of certain outstanding debts of "Big W," and the plaintiff and Ciardelli sought security.   On February 10, 1964, the defendants signed a letter addressed to the plaintiff stating,

"Re: The 'Big W' Supermarket, Inc.

Gentlemen:

We, the undersigned, hereby guarantee the weekly payment of debts to you of the above-named, same to be paid by delivery to driver of a check one week after delivery."  Sometime before March 16, 1964, the plaintiff

requested another form of guaranty and the defendants signed the following undated instrument:

"GUARANTY

TO: Roger Williams Grocery Company
33 Stukely Street
Providence, Rhode Island

In consideration of your delivering to the 'Big W' Super Market, Inc., a Massachusetts corporation, such goods as may from time to time be ordered, we, the undersigned, hereby agree to guaranty (*sic*) payment for such merchandise either upon open account, or on promises by notes or bills of exchange, which from time to time may be owed to you, said payments to be on weekly basis within one week after delivery. Said guaranty shall continue until you shall have received written instructions from the undersigned to be (*sic*) contrary.

We waive all notice of your assent to this agreement, and acknowledge that we have received all notice necessary to charge us as guarantors in case you shall call upon us to pay any deficiency.

Witness our hand and seal this          day of     1964.
(s) Bernard G. Sykes, Esq.
George L. Davis."

This instrument was given to Ciardelli who, on March 16, 1964, told the defendant Sykes "that he had not delivered it to Roger Williams because they hadn't asked him to, that Sykes shouldn't worry about it and its only purpose had been to enhance Roger Williams' own credit position if needed." On the same day Ciardelli became president of "Big W" and he later became treasurer, having control of all cash receipts and disbursements. Deliveries were made weekly until June and, while not paid for within a week, all such deliveries had been paid for save for three deliveries, the last of which was on June 17, 1964, on which date there was a total principal amount due as found by the auditor.

A check on the corporation account given for one of these deliveries was dishonored for insufficient funds. The second instrument of guaranty was not delivered by Ciardelli to his employer, the plaintiff, until sometime after June 17, 1964, the date of the last delivery. No demand was made for payment before the plaintiff commenced action. The defendant Sykes requested Ciardelli on two occasions to return certain goods to the plaintiff but this was not done.

The auditor found that Ciardelli "at all material times [was] serving two masters but with the full knowledge of both." He found that there was no fraud practised by the plaintiff. He also found that part of the goods was delivered by a jobber, not the plaintiff, on the order of Ciardelli who requested that the jobber bill the plaintiff, which was done, the amount of the shipment of these goods being added to the sums due the plaintiff from "Big W." He found the "guaranty" instrument operative and controlling as to the liability of the defendants, Sykes and Davis, whether delivered by Ciardelli to his employer before or after the unpaid deliveries, and the waivers of notice controlling in the absence of fraud. "Where the trial is to be by the court without jury, upon the auditor's report only, it may be had by motion for judgment upon the report." Rule 88 of the Superior Court (1954). "Each and every finding of fact, whether general or detailed, ultimate or subsidiary, reported by an auditor becomes '*prima facie* evidence.' . . . The rule as to auditors is, that a finding of fact by an auditor retains the artificial legal force and compelling effect which it has by virtue of being '*prima facie* evidence,' until, and only until, evidence appears that warrants a finding to the contrary." *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566, and cases cited.

In this case the defendant's pleadings contain affirmative defences, the burden of proving which rested on the defendant. *Murray* v. *Grossman,* 289 Mass. 217, 221. See *Federal Natl. Bank* v. *O'Connell,* 305 Mass. 559, 565. We have stated on various occasions that the "terms and conditions upon which one becomes a surety are to be ascer-

tained from the instrument creating that undertaking construed in reference to the usages of business, the object sought to be accomplished, the relations of the parties to each other, and the attending circumstances." *Miller* v. *Perry*, 333 Mass. 155, 158, and cases cited. It appears from the auditor's report that in this instance "Big W," caught in financial difficulty, could procure its supplies providing the defendants executed the two instruments of guaranty. The second of these instruments contained an express waiver of notice of the plaintiff's assent to the agreement and acknowledged that all notice necessary to charge the defendants as guarantors had been received in case they were called upon to pay any deficiency. The language of the second guaranty, which was delivered to Ciardelli who was an agent of the plaintiff on March 16, 1964, was completely effective notwithstanding that Ciardelli did not deliver this instrument to the plaintiff until sometime after June 17, 1964. It had been requested by the plaintiff and delivery to Ciardelli in our view made it "operative and controlling," as found by the auditor. See *Vinal* v. *Richardson*, 13 Allen, 521, 527; *Cumberland Glass Mfg. Co.* v. *Wheaton*, 208 Mass. 425, 432–433.

Relative to the affirmative defences, the auditor found no fraud nor was there any finding or evidence in support of the defence that an extension of time was granted by the plaintiff without the consent of the guarantors.

Since the defendant Sykes has not sustained the burden of proving his affirmative defences, and since the auditor's report contains subsidiary findings supporting his ultimate findings, we see no error in the order of the trial judge.

*Exceptions overruled.*