COMMUNITY NATIONAL BANK *vs.* LYCURGUS A. LOUMOS; WILLIAM E. HALLIDAY, JR., plaintiff in cross-claim. January 19, 1978. 1. The ruling

of the judge that the guaranty executed by Loumos, Halliday and the Feinsteins was both absolute and continuing was not, as asserted by Loumos, a contradiction in terms. To the extent that *Allen* v. *Pike*, 3 Cush. 238 (1849), supports such an assertion, that case must be regarded as having been impliedly overruled by subsequent decisions which recognize that a guaranty can be both absolute and continuing. See *Standard Plumbing Supply Co.* v. *LaConte*, 277 Mass. 497, 499-501 (1931); *Mayo* v. *Bloomberg*, 290 Mass. 168, 169-171 (1935); *Provident Co-op. Bank* v. *James Talcott, Inc.*, 358 Mass. 180, 191-193 (1970). The judge ruled correctly that the guaranty at issue was of that type as a matter of law. *Doral Country Club, Inc.* v. *O'Connor*, 355 Mass. 27, 31 (1968). The guaranty at issue in *Dunkirk Trust Co.* v. *Schmitt*, 316 F.2d 537 (2d Cir. 1963), relied upon by Loumos, bears little or no resemblance to the one before us here. 2. Assuming that the third paragraph of the guaranty did not as a matter of law constitute an express waiver of notice by the bank to Loumos of the loans made after the one of September, 1972 (compare *Ladd & Bush* v. *Hayes*, 105 F.2d 292 [9th Cir. 1939]; but see *Manufacturers' Fin. Co.* v. *Rockwell*, 278 Mass. 502, 505-506 [1932], and *Provident Co-op. Bank* v. *James Talcott, Inc.*, 358 Mass. at 192 & n.6), no such notice was required because the guaranty was absolute and was made under seal and upon a recital of binding consideration. *Mayo* v. *Bloomberg*, 290 Mass. at 170-171. *Century Indem. Co.* v. *Bloom*, 329 Mass. 508, 513 (1952). See *Merrimack Valley Natl. Bank* v. *Baird*, 372 Mass. 721, 722-725 (1977). Contrast *Black, Starr & Frost* v. *Grabow*, 216 Mass. 516, 518 (1914). In any event, knowledge of those loans was at all times available to Loumos as a director of the debtor corporation and was therefore imputable to him. *Juergens* v. *Venture Capital Corp.*, 1 Mass. App. Ct. 274, 278-279 (1973). 3. We are not persuaded by any of the further reasons advanced by Loumos for the proposition that he was discharged of his obligation as guarantor of the loan of March, 1974. While a guaranty of unspecified duration will ordinarily cease to be operative after the expiration of "a reasonable time" (*Zeo* v. *Loomis*, 246 Mass. 366, 368 [1923]), that rule has no application where, as here, the guaranty provides that it shall continue in effect until receipt by the creditor of the guarantor's written notice of revocation. *Manufacturers' Fin. Co.* v. *Rockwell*, 278 Mass. at 504. Compare *Merchants Natl. Bank* v. *Stone*, 296 Mass. 243, 252 (1936); *Provident Co-op. Bank* v. *James Talcott, Inc.* 358 Mass. at 192 & n.6; *Merrimack Valley Natl. Bank* v. *Baird*, 372 Mass. at 722-724. The contention that the judge failed adequately to instruct the jury that Loumos' obligation as to the 1974 loan was discharged if the bank made the loan in bad faith is not properly before us. Neither the abstractly worded request for an instruction that the bank "must have used good faith in dealing with the debtor and the guarantors" nor counsel's blanket objection to the alleged omission from the charge of all but one of Loumos' thirteen requested instructions sufficiently directed the judge's attention to the 1974 transaction (as distinguished from the many previous ones), to the circumstances of that transaction giving rise to a question of good faith, or to the portion of the charge thought to be deficient. See Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974); *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491-492 (1977). 4. The judge's finding that Loumos' denial of the genuineness of his signature in his affidavit in opposition to the bank's motion for summary judgment had been made in bad faith and solely for the purpose

of delay was amply supported by the evidence and justified the order entered pursuant to Mass.R.Civ.P. 56 (g), 365 Mass. 825 (1974). The argument that no such delay was actually caused by the false affidavit misses the point, as nothing in Rule 56 (g) makes its invocation contingent upon the success of the affiant's dilatory purpose. 5. We are equally unpersuaded by the argument advanced by Loumos in his appeal from the judgment entered on Halliday's cross-claim, whereby Halliday was granted contribution from his fellow guarantors for the sums paid by him to the bank in excess of one quarter of the total obligation guaranteed. The findings entered at the conclusion of the jury waived hearing on the cross-claim, including those "that the four defendants were co-guarantors and that they intended to assume and did assume that relationship with the ordinary incidents of equal burdens implied by law," were fully warranted by the evidence presented at that hearing and required the result reached. Compare *Snelling* v. *State Street Bank & Trust Co.*, 358 Mass. 397, 401-404 (1970). Loumos' contention that the above-quoted findings were wrong because Halliday was to gain a special advantage in consideration of his furnishing personal collateral for the loans is without standing, as he offered no evidence at the jury waived hearing in support of that contention and failed even to call attention to the vague and inconclusive evidence on that issue which had emerged from the earlier jury trial. Compare *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 87-88 (1977). 6. The judgments on the complaint and on the cross-claim, and the order entered pursuant to Mass.R.Civ.P. 56 (g), are affirmed.

*So ordered.*

*David L. Taylor* (*A. Leavitt Taylor* with him) for Lycurgus A. Loumos.
*Marc Redlich*, for Community National Bank & *Leslie B. Shea*, for William E. Halliday, Jr., joined in a brief.