Forte, J.
This is an action in contract wherein Encon, a Texas corporation, *171 seeks to recover on a distributor agreeement with Heritage and on an individual guaranty signed by Dowd. The court found for the plaintiff as against Heritage in the amount of $28,683.73, and found for the defendant Dowd. It is the latter result upon which the plaintiff appeals.
There was evidence that Dowd, while general manager of New England Ceiling Fan, entered into discussion with Encon to start his own business as a distributor for Encon. After discussions with Encon, Dowd left New England Ceiling Fan and started his own business under the style Heritage Distributors, Dowd’s discussions culminated on August 1,1980 in the Distributor Agreement being signed by the parties. By the agreement, Heritage was to be a distributor of Encon’s fans and related merchandise and to pay Encon for the items.
The distributor agreement, among other clauses, contains the following:
This agreement, when accepted by the seller as herein provided, shall constitute the entire agreement between the parties, and no agreement, promises or representations of any character, either written or oral, not set forth in this agreement shall be binding on the parties hereto.
On the same date, Encon required Dowd to sign an individual guaranty, guaranteeing Heritage’s obligations to Encon. Dowd signed the guaranty. According to the guraranty it was “in order to induce Encon Industries, Inc... . to enter into the Distributor Security Agreement dated the first day of August, 1980 with Heritage Distributors, Inc.” The guaranty contained the following clause:
This Guaranty is intended to be, and it is a continuing Guaranty and shall continue in force for life of said agreement (distributor agreement) and modifications or amendments thereof, if any, and this Guaranty shall further continue in force thereafter until any and all transactions of any kind, nature or character whatsoever under said agreement have been completed, and until payment of all debts and liabilities and performance of all obligations hereunder have been completed.
Both the distributor agreement and the guaranty state that interpretation of the documents will be governed by the laws of the State of Texas.
According to Texas law, the guaranty agreement is a “continuing guaranty,” Blount v. Westinghouse Credit Corporation, 432 S.W. 2d 549 (1968) which is defined at page 553 as follows:
A continuing guaranty is one which is not limited to a single transaction, but which contemplates a future course of dealing, covering a series of transactions, generally for an indefiinite time or until revoked. It is prospective in its operation and is generally intended to provide security with respect to future transactions, within certain limits, and contemplates a succession of liabilities, for which, as they accrue, the guarantor becomes liable. 38 C.J.S. Guaranty § 7.
There was evidence that Heritage was in arrears in its payments to Encon, and as result, pursuant to the distributor agreement Encon seized the goods from Heritage. After crediting Heritage’s account with the value of the goods taken, the balance owed by Heritage was $28,683.73, plus some unexplained “charge-backs.”
The distributorship agreement did not provide for a sole New England or protective distributorship for Heritage, and did not provide for discounts or for Encon to furnish Heritage with promotional materials. Over the plaintiffs objection, Dowd testified that prior to signing the distributorship agreement