Ruma, J.
Encon Industries, Inc. (“Encon”), a Texas corporation, commenced this action in 1982 to recover the balance due on invoices for ceiling fans sold to Heritage Distributors, Inc. (“Heritage”) under the parties’ written distributorship agreement. Encon also filed suit against defendant Paul Dowd to enforce his guaranty of Heritage’s contractual obligations.
Judgment was entered on February 28,1984 for Encon against Heritage in the sum of $28,683.73. The trial court also entered a finding for Dowd on the grounds that the guaranty was unenforceable. Specifically, the trial court held that Encon’s failure to fulfill certain oral promises made to Heritage prior to the execution of the parties’ written contract materially changed the circumstances under which the distributorship arrangement was ultimately conducted; and that such change so significantly altered the nature and extent of Dowd’s undertaking that the guaranty was thereby rendered unenforceable.
Encon appealed to this Appellate Division which vacated the court’s finding for Dowd and remanded the case for a new trial. Encon Industries, Inc. v. Heritage Distributors, Inc. ,1985 Mass. App. Div. 170. This Division held that as the written agreements were unambiguous, the Parol Evidence Rule precluded consideration of prior oral agreements between Encon and Heritage which were not incorporated into the parties’ written contracts to alter such contracts.[3]
Upon the return of this matter to the trial court, both Encon and Dowd filed Dis./Mun. Cts. R. Civ. P., Rule 56 motions for summary judgment. In a supporting affidavit annexed to his motion, defendant Dowd again argued that Encon had breached certain oral promises made to Heritage prior to the execution of the parties’ Distributor Agreement. The trial justice allowed Encon’s and denied Dowd’s summaryjudgment motions. On October 23,1986, judgment was entered for Encon against Dowd in the sum of $28,683.73 with *159 interest and costs. Defendant Dowd has appealed to this Division on a charge of error in the trial court’s denial of his Rule 56 motion.
1. The trial justice’s disposition of the parties’ competing summary judgment motions was expressly premised on this Division’s earlier decision on the conclusive effect of the parties’ unambiguous written contracts.[4] The trial justice’s recognition of the binding effect of such decision in subsequent proceedings in the trial court was proper. See Waylan v. Lee, 331 Mass. 550, 551 (1954); Lunn & Sweet Co. v. Wolfman, 268 Mass. 345, 349 (1929); Wheatley v. Planning Board of Hingham, 10 Mass. App. Ct. 884, 885 (1980).
Despite the defendant’s claims on this appeal, we are neither required, nor inclined to reconsider our earlier decision. Weiner v. Pictorial Paper Package Corp., 303 Mass. 123, 238 (1939). We view as settled those issues of law pertaining to the operation of the Parol Evidence Rule herein and the consequent enforceability of the defendant’s written guaranty. These issues were fully argued and considered previously. See, generally, New England Merchants Nat'l Bk. of Boston v. Old Colony Trust Co., 385 Mass. 24, 26 (1982); Gleason v. Hardware Mutual Casualty Co., 331 Mass. 703, 710 (1954); Boston v. Santosuosso, 307 Mass. 302, 315-316 (1940); Cann v. Barry, 298 Mass. 186, 187 (1937).
There is no merit in the defendant’s contention that such issues were beyond the scope of this Division’s review on the previous appeal. Plaintiff’s requests for rulings of law numbers 4, 5,6, 7,9,10 and 11 pertained to Dowd’s written guaranty and the sufficiency of the evidence to support a finding of his liability for the contractual obligations of Heritage. The trial court’s disposition of these requests with specific reference to its subsidiary findings necessitated a review of the same, including the trial court’s analysis of the enforceability of Dowd’s guarantee.
2. There was no error in either the trial court’s denial of defendant Dowd’s Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment or its allowance of summary judgment in favor of Encon.
The extent of Dowd’s liability, as individual guarantor, was dictated exclusively by the express terms of his written guaranty. Merrimack Valley Nat'l Bk. v. Baird, 372 Mass. 721, 723 (1977); Merchants Nat'l Bk. v. Stone, 296 Mass. 243, 251 (1936); Zimetbaum v. Berenson, 267 Mass. 250, 255 (1929).
The liability of a surety or guarantor is to be ascertained from the terms of the written instrument by which his obligation is expressed. ... Where the words are unambiguous, they alone can be examined to determine their meaning.
Zeo v. Loomis, 246 Mass. 366, 368 (1923). See, generally, Schneider v. Armour & Co., 323 Mass. 28, 30 (1948); Roger Williams Grocery Co. v. Sykes, 357 Mass. 485, 488-489 (1970). The construction of an unambiguous written guaranty presents a question of law for the trial court. Horowitz Bros. v. Springfield Butter, Inc., 36 Mass. App. Dec. 97, 98 (1966). An action in which the ultimate issue is limited to the interpretation of a written instrument is ideally suited for summary disposition pursuant to Rule 56. Doral Country Club, Inc. v. O'Connor, 355 Mass. 27, 30-31 (1968); Industrial Eng. & Metal Fabricators, Inc. v. Fontaine Bros., 2 Mass. App. Ct. 695, 697 (1974); Shawmut First County v. Paul Richards Bank, 1981 Mass. App. Div. 27, 30.
*160 Dowd’s agreement provided that he would “unconditionally guarantee to seller [Encon] that customer [Heritage] will fully and promptly perform, pay and discharge all its present and future obligations... .” This unequivocal contractual undertaking is on its face a broad, unconditional guaranty of Heritage’s obligations to Encon under the parties’ distributorship agreement and all “modifications or amendments thereof.” Such guaranty was expressly made to continue in force “until any and all transactions of any kind, nature or character whatsoever under said agreement have been completed and until payment of all debts and liabilities and performance of all obligations hereunder have been completed.” The trial courts finding that Heritage owed Encon $23,683.73. for ceiling fans sold and delivered under the parties’ agreement was an adjudication of the existence of a'debt guaranteed by Dowd and for which Dowd remains liable in the absence of a valid defense. Although Dowd alleged in his answer the existence of various defenses to Encon’s claim, including accord and satisfaction, duress, estoppel failure of consideration, payment, release and waiver, his Rule 66 affidavit is devoid of any specific facts demonstrating the existence of these defenses and thus of a genuine, material issue requiring a trial. “Vague and general allegations of expected proof’ are insufficient to defeat a summary judgment motion; the non-moving party must advance more than the unsupported assertions or denials of his' pleadings in order to proceed to trial. O’Brien, Russell & Co. v. LeMay, 370 Mass. 243, 245 (1976); Loew v. Minasian, 361 Mass. 390, 391 (1972); Turner v. McCune, 4 Mass. App. Ct. 864, 866 (1976). See The Royal Bank of Canada v. Connolly, 9 Mass. App. Ct. 906 (1980); New England Merchant’s Bank v. Kneeland, 8 Mass. App. Ct. 946, 947 (1979).
We conclude that the trial justice correctly ruled that there was no genuine issue of material fact in this case and that Encon was entitled to a judgment against Dowd as a matter of law. Community Nat’l Bk. v. Dawes, 369 Mass. 550 (1976).
There being no error, the report is dismissed.

 The distributorship agreement included the following integration clause: “This agreement, when accepted by the seller as herein provided, shall constitute the entire agreement between the parties, and no agreement, promises or representations of any character, either written or oral, not set forth in this agreement shall be binding on the parties hereto.

 “The [Appellate Division] determined that the distributorship agreement constituted an unambiguous agreement of the parties and that prior statements cannot be considered by the fact finder. There being no other issues to be determined by the court, it is appropriate, therefore, to grant plaintiffs motion for summary judgment and to deny defendant, Paul Dowd’s, motion for summary judgment.”