FEDERAL FINANCIAL COMPANY *vs.* BLANCHE Z. SAVAGE.[1] No. 97-P-1593. October 4, 1999. *Guaranty.* Further appellate review granted, 430 Mass. 1115 (2000).

Following the release of our unpublished memorandum (without oral argument) affirming summary judgment for the plaintiff,[2] we granted the defendant's petition for rehearing.

The undisputed material facts are these. In February, 1984, the plaintiff's predecessor in interest, Plymouth Home National Bank (bank), granted Ralsco, Inc. (Ralsco), a corporation of which the defendant became president following the death of her husband, a $90,000 loan which the defendant guaranteed in writing on a form of guaranty prepared by the bank. The 1984 guaranty provided that the defendant's guaranty covered "any and all existing and future indebtedness" from Ralsco to the bank, and provided further that the guaranty "shall continue" as to all such indebtedness "prior to the receipt by the Bank of written notice of the termination hereof."

In October, 1985, the bank granted Ralsco a new loan of $180,000, of which $90,000 was to be applied to the payment in full of the outstanding $90,000 loan. Prior to making the $180,000 loan, the bank on several occasions requested the defendant to sign a new guaranty on a form prepared by the bank, which was substantially more comprehensive in the protections provided the bank than the form of guaranty signed by the defendant in 1984. The defendant refused to sign the new guaranty. Moreover, the defendant, in approving the bank's commitment letter for the $180,000 loan, signed only as president of Ralsco, thereby implicitly rejecting the provision of the commitment letter calling for the defendant's personal guaranty of the $180,000 loan. The defendant did agree, however, to the provision in the commitment letter requiring the defendant to subordinate her mortgage on certain real estate owned by Ralsco which secured the $180,000 loan.

In her petition for rehearing, and in her oral argument, the defendant emphasizes the facts just recited, and argues from these facts that she is not liable on her 1984 guaranty. In support of this argument the defendant relies on *Atlantic Aluminum & Metal Distribs., Inc.* v. *Standard Paint & Wall Paper Co.*, 347 Mass. 415 (1964), and attempts to distinguish *Community Natl. Bank* v. *Loumos*, 6 Mass. App. Ct. 830 (1978).

*Atlantic Aluminum* involved a guaranty which had no termination clause, was therefore "unlimited in time," and thus was held to be "operative for a reasonable time." *Atlantic Aluminum & Metal Distribs., Inc.* v. *Standard Paint & Wall Paper Co.*, 347 Mass. at 417. In that context, the court held that the expiration of the original guaranty was demonstrated by the creditor's action "in seeking and obtaining another guaranty . . . and later seeking and failing to obtain . . . further guaranties [from the debtor]." *Ibid.*

In *Loumos*, we held the guarantor to his written obligation of guaranty, noting that a guaranty of "unspecified duration . . . has no application where, as [in *Loumos*], the guaranty provides that it shall continue in effect until receipt by the creditor of the guarantor's written notice of revocation." *Community Natl. Bank* v. *Loumos*, 6 Mass. App. Ct. at 831.

---

[1]James E. Savage, the other defendant named in the complaint, was defaulted, and is not a party to this appeal.

[2]We held that the 1984 guaranty signed by the defendant had not been terminated since the defendant had failed to give the plaintiff written notice of termination as required by the provisions of her guaranty.

By its terms, the defendant's 1984 guaranty, which was unlimited as to amount, covered Ralsco's 1985 loan. The termination of the guaranty required written notice to the bank, and the defendant's rejection of the bank's subsequent requests for a different form of guaranty did not constitute the required notice. The facts of this case do not take the defendant out from the settled rule that a guaranty with a termination clause which requires written notice to the lender "can be terminated only in accordance with the terms of the contract." *Merchants Natl. Bank* v. *Stone*, 296 Mass. 243, 252 (1936). See *Manufacturers' Fin. Co.* v. *Rockwell*, 278 Mass. 502, 504 (1932) (a guaranty which provides that it may be terminated upon written notice is "a binding contract upon a present consideration, and could be terminated only upon compliance with its terms"). It follows that the summary judgment entered in favor of the plaintiff on the defendant's counterclaim for unfair collection practices should be affirmed.[3]

*Judgment affirmed.*

*Michael C. McLaughlin* for the defendant.
*Judd L. Peskin* for the plaintiff.

---

[3]The plaintiff did not file a cross appeal, and states in its brief that it accepts the amount of damages awarded in the judgment entered on July 8, 1997, i.e., $90,000 plus interest in the amount of $25,061.92, attorney's fees in the amount of $7,877.72, and costs in the amount of $877.05.

