Horgan, J.
This is an appeal from the allowance of a motion for summary judgment brought by the plaintiff, Transmedia Restaurant Company, Inc. (Transme-dia) , against the defendant John Romano (Romano). The motion was brought on a written contract of guaranty of the indebtedness of the corporate defendant, Elegant Appetites, Inc. (Elegant Appetites), made by Romano in favor of Transmedia. We reverse the allowance of summary judgment.
The sole question posed by this appeal is whether there was a genuine issue of fact in dispute as to whether there was valid consideration proven to support the contract of guaranty.
From the record submitted on appeal we discern the following facts. In February, 1996, Transmedia entered into a contract with the defendant, Elegant Appetites, a Massachusetts corporation in the business of operating food service establishments. Under the terms of this contract Transmedia paid the sum of $30,000 to Elegant Appetites, in exchange for the purchase of $60,000 in food and beverage credits. The credits were to be resold to customers of Transmedia for a percentage of the credit amount. At the time of this February contract, Transme-dia requested and received a personal guaranty from the defendant, Frank Utano, to secure the credit extended to Elegant Appetites.
On or about March 5,1996, Romano entered into an agreement to purchase the stock of Elegant Appetites from the defendant, Frank Utano, and to assume the management of the restaurants owned by the corporation. On that same date, Romano signed and executed a letter of guaranty in favor of Transmedia of all debts incurred by Elegant Appetites. However, shortly after the guaranty was signed, Romano withdrew from the purchase of Elegant Appetites. It appears from the record that Elegant Appetites has breached its contract of repayment with Transmedia and is no longer in business. Through this action Transmedia now seeks to recover monies owed under the February, 1996, contract with Elegant Appetites through the letter of guaranty signed by Romano. The appeal in this matter relates only to Romano’s guaranty of the debts owed to Transmedia.
Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass. R. Civ. P., Rule 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, 404 Mass. 14, 17 *290 (1989). A contract of guaranty “is to be construed strictly, and the guarantor is not to be held liable for anything not in accord with the contract." Zimetbaum v. Berenson, 267 Mass. 250, 255 (1929). The consideration necessary to support a guaranty must be alleged and proved. Gloucester Mut. Fishing Ins. Co. v. Boyer, 294 Mass. 35, 40 (1936).
As noted above, Romano opposed the motion for summary judgment on the grounds that his guaranty was invalid for lack of consideration. It appears that Romano argued this position on two different grounds.[2] First, Romano argued at the hearing on the motion that his failure to receive the corporate stock of Elegant Appetites from the defendant, Frank Utano, precluded Transmedia from enforcing the guaranty. Stated differently, Romano’s defense here was that his guaranty of the debt of Elegant Appetites was conditioned upon his receipt of the corporate stock of Elegant Appetites. This argument was raised at the hearing on the motion for summary judgment and was correctly rejected by the motion judge in her memorandum of decision.
Nevertheless, the issue of whether Romano received valid consideration to support the guaranty was also argued on the grounds that Transmedia’s forbearance of suit of the principal debtor, Elegant Appetites, provided the consideration necessary to enforce Romano’s guaranty. Transmedia’s vice president, Michael A. Costa, submitted an affidavit stating the following:
5. Just prior to the guarantee being executed by the defendant, the corporation known as Elegant Appetites, Inc. was in default to its contractual obligations to the plaintiff.
6. Transmedia was prepared to foreclose on its security agreement and liquidate the assets of the corporation.
7. In response to a request from Joseph Romano, we took back the personal guarantee attached hereto executed by Romano in forbearance of our legal rights to foreclose on the assets of the corporation of Elegant Appetites, Inc.
8. At no time was Transmedia aware of the business dealings between Elegant Appetites, Inc., Joseph Romano and Frank Utano.
9. We relied upon the representations of Mr. Romano that he had been voted director of the corporation and had assumed managerial control of the corporation.
Romano countered that the guaranty was invalid for lack of consideration because he was unaware of any forbearance of suit on the part of Transmedia. Romano’s affidavit stated, in part:
6. That the agreement between the plaintiff Transmedia and Elegant Appetites, Inc. was in full force and effect and Not in default at the time I agreed to purchase Elegant Appetites, Inc.
7. That I have had no written or oral communication with Michael A. Costa concerning Elegant Appetites, Inc.
8. That I was not aware of any threat by Plaintiff Transmedia to liquidate the assets of Elegant Appetites, Inc., at the time I entered into *291 an agreement to purchase the corporation’s stock and signed the personal guaranty.
The motion judge allowed summary judgment, stating that: “[b]y the terms of the guaranty, the defendant clearly and unequivocally, ‘irrevocably and unconditionally’ assumed the indebtedness, liabilities, obligations and agreements” at issue here. ‘The alleged failure of promised consideration does not qualify as a defense to the instant action, particularly where it appears to be raised here for the first time.” The memorandum of decision concludes: “there is no genuine issue of material fact which would require a trial in this case.” Although the judge provided a written memorandum of decision, the statement of facts did not address whether the extension of credit to the principal debtor, Elegant Appetites, occurred simultaneously with (or after) the execution of Romano’s guaranty. On the record before us, it appears that Romano’s guaranty was executed after the extension of credit to Elegant Appetites. Where a guaranty is given after the execution of the principal contract, the plaintiff must prove a new and separate consideration. See Tenney v. Prince, 21 Mass. 385 (1826); Genzel v. Dodge, 271 Mass. 499 (1930). While we are mindful that other forms of consideration may have been adequate to support the contract of guaranty at issue here, the affidavit submitted by Transmedia clearly posited that forbearance of suit provided the consideration necessary to support Romano’s contract of guaranty. Reviewing the materials submitted to the trial judge in the light most favorable to the non-moving party, as we must, Romano’s affidavit raised a factual question which precluded the proper entry of summary judgment in this matter. The burden was upon Transmedia to prove all essential aspects of the contract of guaranty it was attempting to enforce. See Foley v. Matulewicz, 17 Mass. App. 1004 (1984). Where the defendant raised the issue of lack of consideration in his answer to the complaint and alleged at the hearing on the motion for summary judgment that he was unaware of any forbearance of suit on the part of the plaintiff, it was incumbent upon the plaintiff to prove that forbearance — or any other form of consideration — by any legal evidence. See G.L.c. 259, §2; Gloucester Mut. Fishing Ins. Co. v. Boyer, 294 Mass. 35 (1936).
Accordingly, on the record before us, the allowance of summary judgment must be reversed and the case remanded for trial.

 It appears that neither party filed a written memorandum of law on the motion for summary judgment. We glean the arguments presented to the motion judge from the transcript of oral argument submitted on this appeal.